# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1930

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| Telize Johnson, | * | District of Iowa. |
| | * | |
| Defendant - Appellant. | * | |
| | * | |

_____

Submitted: January 17, 2008
Filed: February 28, 2008

_____

Before LOKEN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Telize Johnson pled guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Johnson faced a statutory mandatory minimum sentence of 180 months, but the government moved to reduce his sentence in light of his substantial assistance. The district court[1] imposed the sentence recommended by the government

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

– a total of 126 months. Johnson appeals, arguing that the district court erroneously believed it lacked authority to reduce the sentence on the firearm charge, that it failed to consider the factors in 18 U.S.C. § 3553(a) and the discrepancies between crack and power cocaine sentences, and that he is entitled to resentencing. We affirm.

Telize Johnson sold crack cocaine to a confidential informant in multiple controlled purchases in April 2005. On April 25 a search of his residence pursuant to a warrant discovered over 50 grams of cocaine base,[2] two handguns, ammunition, a digital scale, and numerous plastic baggies. Johnson was arrested and after being read his Miranda rights, he admitted that he had been selling crack for the past year and a half and that he had the guns for protection. He decided to cooperate with the authorities and participated in several interviews in which he provided information about his own and others' involvement in the local drug trade. Johnson identified his suppliers and associates and unsuccessfully tried to arrange a meeting between law enforcement officials and one source. He also testified in a trial during which the defendant was convicted, and the cooperating witnesses were subjected to threats; the presiding judge was Johnson's sentencing judge.

After his arrest Johnson entered into a plea agreement with the government. He pled guilty to two of the counts against him: possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), and use of a firearm, in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). The other charges in the indictment were dismissed on the government's motion.

Each count of conviction carried a mandatory minimum prison sentence. The minimum sentence was ten years for the drug charge, see 21 U.S.C. § 841(b)(1)(A),

---

[2]The stipulation of facts lists a total amount of 61 grams found in the search, but the presentence report and briefs refer to 56.4 grams. Either amount falls within the statutory range of 50 grams or more and the guideline range of 50 to 150 grams.

and five years for the firearm charge, see 18 U.S.C. § 924(c)(1)(A)(i). The district court determined that the sentencing guideline range was 120 to 121 months on the drug count, based on a total offense level of 29 and criminal history II, and a mandatory consecutive 60 months for the gun count.

Johnson's statutory minimum sentence for both counts would have been 180 months, but in consideration of Johnson's substantial assistance to law enforcement, the government made a motion for a 30% reduction under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, recommending a total sentence of 126 months. Although the district court viewed this as an "aggressive" recommendation, it granted the motion and sentenced Johnson to 126 months. Instead of applying a 30% reduction to both counts, the court lowered the drug sentence by 45% and imposed a consecutive 60 month sentence for the firearm charge.

Johnson appeals his sentence, arguing that he is entitled to resentencing because the district court erroneously believed that it did not have authority to reduce the sentence on the gun charge below the statutory minimum. He also complains that the district court failed to consider the factors in 18 U.S.C. § 3553(a) and the discrepancy in the treatment of crack and powder cocaine under the guidelines. In a letter filed under Federal Rule of Appellate Procedure 28(j), Johnson contends that he should be resentenced in light of recent amendments to the guidelines and the Supreme Court decisions in Kimbrough v. United States, 128 S. Ct. 558 (2007) and Gall v. United States, 128 S. Ct. 586 (2007). The government responds that the district court did not err in imposing a consecutive 60 month sentence for the gun charge but that any error that might have occurred in respect to that would have been harmless. It argues that the 18 U.S.C. § 3553(a) factors were irrelevant to Johnson's sentencing because substantial assistance was the ground on which the government moved to sentence Johnson below the statutory minimum.

Johnson first argues that the district court's failure to reduce his sentence for his firearm conviction based on his substantial assistance entitles him to a remand for resentencing. He asserts that the district court did not understand that it had authority to depart from the statutory minimum on that count and cites to United States v. Schaffer, where a district court departed below the mandatory minimum sentence under § 924(c) for the defendant's substantial assistance under 18 U.S.C. § 3553(e) and we affirmed. See 110 F.3d 530, 533-34 (8th Cir. 1997). The government counters that the district court understood its authority but chose not to depart on the gun count.

We will generally not review a decision not to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure. United States v. Frokjer, 415 F.3d 865, 874-75 (8th Cir. 2005) (citation omitted). A district court's opinion that it lacks the power to depart from the guidelines is a pure question of law which we review de novo. United States v. Kelley, 956 F.2d 748, 751 (8th Cir. 1992) (citation omitted).

Contrary to Johnson's representations, the district court never said during his sentencing hearing that it lacked authority to depart downward on the weapons charge. The court's statement that the law required a consecutive 60 month sentence was consistent with 18 U.S.C. § 924(c)(1)(A)(i). The district court recognized that the government's substantial assistance motion allowed it to go below the statutory minimums, but it chose to focus its reduction on the drug charge. Even though a district court may depart under § 3553(e) below the 60 month mandatory minimum required by § 924(c), see Schaffer, 110 F.3d at 533-34, it remains within the district court's discretion whether to do so. Its decision on this sentencing point is unreviewable on appeal unless the district court misunderstood its authority or had an unconstitutional motive in refusing to exercise that authority. See Frokjer, 415 F.3d at 874-75. Neither circumstance exists here.

-4-

Moreover, any error that might have resulted from the district court's application of the substantial assistance reduction would have been harmless. See United States v. Hadash, 408 F.3d 1080, 1082-83 (8th Cir. 2005) (mistaken application of guidelines was harmless where district court stated it would reach same sentence anyway). The district court plainly stated that "the ultimate sentence that the court would impose would be the same" even if it had applied the 30% recommended reduction to both counts. To reach the recommended 30% reduction, it chose to reduce the sentence on the drug count by 45%. Any potential error in the application of the reduction was thus harmless and does not require resentencing. See Hadash, 408 F.3d at 1082-83.

Johnson next objects to the district court's failure to consider the factors in 18 U.S.C. § 3553(a) and the discrepancies between the guideline ranges for crack and powder cocaine. The government responds that the district court correctly limited its consideration to the assistance Johnson provided under 18 U.S.C. § 3553(e). This is a legal question which we review de novo. United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007).

In reducing a sentence below the statutory minimum under 18 U.S.C. § 3553(e) for a defendant's substantial assistance, a court may only consider factors related to that assistance and may not use the factors in 18 U.S.C. § 3553(a) to decrease the sentence further. Id. at 1130, 1132; see also United States v. Plaza, 471 F.3d 928, 930 (8th Cir. 2006) (a reduction pursuant to U.S.S.G. § 5K1.1 or § 3553(e) can be based only on assistance related considerations) (citations omitted); United States v. Freemont, No. 06-3175, 2008 WL 215863, at *5 (8th Cir. Jan. 28, 2008). In Williams, we vacated a drug distribution sentence and remanded for resentencing because the district court had used § 3553(a) factors to lower the sentence after it had already been reduced below the statutory minimum based on a § 3553(e) motion. 474 F.3d at 1132. We reasoned that a court's authority to reduce a sentence below the statutory minimum is limited under § 3553(e), and to employ factors unrelated to the defendant's

assistance in reducing a sentence below the mandatory minimum would exceed that limited authority. Id.; see also Freemont, 2008 WL 215863, at *5. Johnson's argument directly conflicts with this precedent.

Johnson cites Kimbrough and Gall, but both of those decisions concerned sentencing deviations from the guideline range rather than departures from statutory mandatory minimums as occurred in this case. See Kimbrough, 128 S. Ct. at 565-66; Gall, 128 S. Ct. at 591; see also Freemont, 2008 WL 215863, at *4 (Gall does not affect a statutory minimum sentence). Although Kimbrough empowers a district court to consider the disparity between guideline sentences for powder cocaine and crack, it does not require it to do so. United States v. Roberson, No. 06-3458, 2008 WL 323223, at *4 (8th Cir. Feb. 7, 2008). Here, the district court only had authority to sentence Johnson below the statutory minimum because of the government's § 3553(e) motion, and it properly limited its deliberation to the quality, nature, and significance of the assistance Johnson provided. See Williams, 474 F.3d at 1132.

Johnson finally contends that he is entitled to resentencing based on recent amendments to the guideline manual which reduce the base offense level derived from the amount of cocaine base. See Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28,558, 28,572 (May 21, 2007) (changing base offense levels to reduce sentencing differentials for powder and crack cocaine). These amendments do not apply retroactively until March 3, 2008, see Sentencing Guidelines for United States Courts, 73 Fed. Reg. 217, 217 (Jan. 2, 2008), but they would not affect Johnson in any event because his sentence was subject to statutory mandatory minimums. Id. at 218, app. n. 1(A); see also U.S.S.G. § 5G1.1(b) (when the statutory minimum sentence exceeds the guideline range, the statutory sentence "shall be the guideline sentence"). Johnson submits that these amendments would reduce his guideline range for the drug charge to 78 – 97 months, but because this is lower than the 120 month minimum in 21 U.S.C. § 841(b)(1)(A), 120 months would become the guideline sentence under §

5G1.1(b).  Since the district court used the 120 month mandatory minimum as its point of departure, resentencing is not warranted.

For these reasons we affirm the sentence imposed by the district court.

_____