# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1692

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Henry Jones, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 17, 2008
Filed: April 25, 2008

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Henry Jones appeals the district court's[1] denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (USSG), which reduced the base offense levels in USSG § 2D1.1(c) based on the quantity of cocaine base (crack).

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

The top of Mr. Jones's originally calculated guidelines range was less than the statutory mandatory minimum sentence for the quantity of crack involved in his conviction, so that his final originally calculated guidelines range was the statutorily required minimum sentence of 120 months. See USSG § 5G1.1(b); 21 U.S.C. §§ 846, 841(b). In considering a reduction to a defendant's term of imprisonment under § 3582(c)(2), the district court must determine the guidelines range as if the relevant amendment had been in place at the time of the original sentencing, and it may consider only the retroactive amendment in determining the amended guidelines range. See United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir.) (en banc), cert. denied, 534 U.S. 905 (2001); USSG § 1B1.10(b)(1) (Suppl. Mar. 3, 2008). In Mr. Jones's case, both his original guidelines range and any guidelines range calculated under the new amendments are the same–the statutory minimum sentence of 120 months. The district court properly concluded that Jones's guidelines range was unaffected by the recent amendments to the crack quantity guidelines because of the statutory mandatory minimum, USSG § 5G1.1(b), and therefore Mr. Jones was not entitled to a reduction of his sentence, see § 1B1.10(b)(2)(A) (district court may not reduce the defendant's sentence below the minimum of the amended guidelines range); id., comment. (n.1(A)(ii)) (reduction not authorized if the retroactive amendment does not lower the defendant's applicable guidelines range because of a statutory provision, e.g., a statutory mandatory minimum sentence).

The district court's judgment denying Mr. Jones any relief pursuant to the new amendments is summarily affirmed. See 8th Cir. R. 47A(a).

_____