**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2008
Decided April 30, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-3888

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Central District of Illinois. |
| | |
| *v.* | No. 05 CR 20060 |
| | |
| AUBREY BUTLER, | Michael P. McCuskey, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Aubrey Butler pleaded guilty to three counts of distributing crack cocaine. See 21 U.S.C. § 841(a)(1). One of the counts involved 50 or more grams of crack, and Butler had a prior felony conviction for a drug offense, so he faced a minimum of 20 years' imprisonment. See 21 U.S.C. §§ 841(b)(1)(A)(iii), 851. The district court imposed that term along with 10 years' supervised release. Butler filed a notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she is unable to discern a nonfrivolous basis for appeal. Counsel's brief is adequate, and Butler has responded under Circuit Rule 51(b). We limit our review to the potential issues identified by counsel and by Butler. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel focuses her analysis on Butler's prison sentence. Because Butler received the statutory minimum, counsel evaluates whether there is a nonfrivolous argument that the district court overlooked any authority it might have had to give Butler a lower sentence for assisting the government's investigation of other targets. At sentencing Butler's attorney stated that Butler had provided information to police that had led to the arrest of four people. The prosecutor, though, conveyed his conclusion that Butler's assistance had not been substantial. That conclusion should doom the argument counsel proposes because, although the sentencing guidelines are advisory after *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts still must comply with statutory minimums and cannot disregard those minimums without a government motion under 18 U.S.C. § 3553(e). *United States v. Roberson*, 474 F.3d 432, 436-37 (7th Cir. 2007); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005).

Counsel questions, however, whether Butler might overcome the obstacle presented by the motion requirement by challenging the government's decision not to file a motion, or by challenging the constitutionality of the requirement. A prosecutor's decision to withhold a substantial-assistance motion that was never bargained for must be respected by the sentencing court unless the decision is shown to be irrational or the product of an unconstitutional motive. See *United States v. Ziesman*, 409 F.3d 941, 957 (8th Cir. 2005); *United States v. Lezine*, 166 F.3d 895, 900-01 (7th Cir. 1998). Nothing in the record even hints that some unconstitutional motive was behind the prosecutor's decision, and counsel does not suggest otherwise. The prosecutor's basis for not making the motion—that he did not think Butler's assistance was substantial—was rational. And our precedent forecloses every possible constitutional challenge counsel proposes. See *United States v. Santoyo*, 146 F.3d 519, 525 (7th Cir. 1998) (holding that requirement of government motion under U.S.S.G. § 5K1.1 does not violate separation of powers); *United States v. Spears*, 965 F.2d 262, 280-81 (7th Cir. 1992) (characterizing § 3553(e) and U.S.S.G. § 5K1.1 as parallel and holding that neither violates right to procedural or substantive due process). We thus agree with counsel that it would be frivolous to argue that the district court should have considered imposing a prison sentence below the statutory minimum.

Finally, Butler himself raises the possibility of challenging his sentence on the basis of the Supreme Court's recent decision in *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), which addressed the differential in sentences for offenses involving like weights of powder and crack cocaine. *Kimbrough* was an application of *Booker*, which had no effect on statutory minimums. See *Kimbrough*, 128 S. Ct. at 569-70; *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008); *United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007). Butler received the statutory minimum sentence, and so any argument concerning the guidelines differential would be frivolous.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.