Richard L. Richards, AUSA, Des Moines, IA, for appellee.

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

BOWMAN, Circuit Judge.

Eric Clark Webster was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At re-sentencing,[1] the District Court determined that Webster was subject to an enhanced penalty under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e), because he had four prior convictions for violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1) (imposing a fifteen-year mandatory minimum sentence when a defendant has three previous convictions for "a violent felony or a serious drug offense, or both"). In applying the ACCA, the District Court considered two Iowa convictions for operating a motor vehicle while intoxicated (OWI). This application was consistent with *United States v. McCall*, 439 F.3d 967, 972 (8th Cir.2006) (en banc), in which we held that driving while intoxicated was a violent felony under the ACCA. Because Webster was deemed an armed career criminal, his base offense level under the sentencing guidelines increased from 28 to 34, *see* U.S.S.G. § 4B1.4, and the District Court resentenced him to 229 months' imprisonment. After the District Court resentenced Webster, however, the Supreme Court decided *Begay v. United States*, — U.S. —, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). In *Begay*, the Court held that the crime of driving under the influence of alcohol is not a violent felony under the ACCA. *Id.*

at 1583. In light of *Begay*, *McCall* is no longer good law on this point, and Webster's two prior felony convictions for OWI must not be considered in applying the ACCA. We therefore reverse the sentencing judgment of the District Court and remand the case for resentencing a second time.

UNITED STATES of America, Appellee,

v.

Ferdinand McGUIRE, Appellant.

No. 08–1793.

United States Court of Appeals, Eighth Circuit.

Submitted: April 21, 2008.

Filed: May 8, 2008.

---

Ferdinand McGuire, pro se.

Allison Hart Behrens, AUSA, St. Louis, MO, for appellee.

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

PER CURIAM.

Ferdinand McGuire appeals from the district court's[1] order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (USSG), which reduced the base offense levels in USSG § 2D1.1(c) based on the quantity of cocaine base (crack).

McGuire pleaded guilty to possessing with intent to distribute cocaine base, acknowledging that he was accountable for a quantity of 5.19 grams of that substance,

which subjected him to a minimum mandatory sentence of 60 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B); USSG § 5G1.1(c)(2). Accordingly, McGuire is not entitled to a reduction under the retroactive amendment. *See* USSG § 1B1.10(b)(2)(A); *id.,* cmt. n. 1(a)(ii); *United States v. Peters,* No. 08–1672, 2008 WL 1867078 (8th Cir. Apr.29, 2008).

The judgment is summarily affirmed. *See* 8th Cir. R. 47A(a).

---

1. The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.