NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 16, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1034

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-cr-117-jcs-1 |
| JOHN DUNN, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

John Dunn pleaded guilty to one count of conspiracy to possess crack with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court adopted the probation officer's finding that Dunn was responsible for 325 grams of crack. Applying the sentencing guidelines that went into effect in November 2007, the court calculated a guidelines imprisonment range of 108 to 135 months, but because Dunn was subject to a mandatory minimum sentence of 10 years' imprisonment, the effective guidelines range was 120 to 135 months. *See* 21 U.S.C. § 841(b)(1)(A). The court sentenced him to a prison term of 130 months to be followed by five years of supervised release. Dunn filed a notice of appeal, but appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Dunn has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because counsel's

supporting brief is facially adequate, we limit our review to the potential issue identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel has identified only one potential issue: whether Dunn could challenge the reasonableness of his sentence based on *Kimbrough v. United States*, 128 S. Ct. 558 (2007). That decision authorizes a sentencing court, even in a typical case, to "consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" when evaluating whether a particular sentence would be greater than necessary to achieve the goals of sentencing. *Id*. at 564. Counsel concludes that it would be frivolous for Dunn to raise this issue, but we cannot agree. Dunn was sentenced nine days after *Kimbrough* was decided, but neither his attorney—the same one who is representing him on appeal—nor the district court mentioned the decision or explained the court's authority to consider the crack-to-powder cocaine disparity embedded in the guidelines when crafting an appropriate sentence. And although the district court was not permitted to sentence Dunn below the guidelines range because the low end of the guidelines range was constrained by statute, *see United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008); *United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007), Dunn received a sentence 10 months longer than the statutory minimum. Thus, he could at least argue, under a plain-error standard, that the sentencing court should have taken its discretion under *Kimbrough* into account. *Cf. United States v. Padilla,* No. 06-4370, 2008 WL 833994, at *7 (7th Cir. Mar. 31, 2008); *United States v. Taylor*, No. 06-4123, 2008 WL 782739, at *1-3 (7th Cir. Mar. 26, 2008).

Counsel's motion to withdraw is GRANTED. But our conclusion that Dunn's appeal is not frivolous means that he still is entitled to representation on appeal. *See Penson v. Ohio*, 488 U.S. 75, 84-85 (1988) (noting that appellate court's "determination that arguable issues were presented by the record . . . created a constitutional imperative that counsel be appointed"). By separate order, therefore, we will appoint another lawyer for him and set a briefing schedule.