# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2419

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Herman Sean Baylor, | * | |
| | * | [PUBLISHED] |
| Defendant – Appellee. | * | |

———————

Submitted: January 14, 2009
Filed: February 11, 2009

———————

Before BYE and GRUENDER, Circuit Judges, and KAYS, District Judge.[1]

———————

PER CURIAM.

The government appeals the district court's order granting Herman Sean Baylor's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the U.S. Sentencing Guidelines Manual ("U.S.S.G"), which reduced the base offense levels for certain cocaine base (crack) offenses. We reverse.

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri, sitting by designation.

## I

Baylor pleaded guilty to possessing five grams or more of crack with the intent to deliver in violation of 21 U.S.C. § 841(a)(1). His initial advisory Guidelines range was seventy-eight to ninety-seven months. However, because this was his second felony drug conviction, he was subject to a statutory mandatory minimum of 120 months. <u>See</u> 21 U.S.C. § 841(b)(1)(B). The government moved to depart downward from the mandatory minimum for substantial assistance under 18 U.S.C. § 3553(e). The district court granted the government's motion, and sentenced Baylor to ninety months imprisonment.

After the passage of Amendment 706, which generally lowered the Guidelines base offense level for crack offenses by two levels, Baylor moved to reduce his sentence to within his allegedly new Guidelines range of sixty-three to seventy-eight months. <u>See</u> 18 U.S.C. § 3582(c)(2). Granting his motion, the district court reduced Baylor's sentence to seventy-five months imprisonment. The government appealed.

## II

Whether the district court properly determined it had the authority to modify a sentence under 18 U.S.C. § 3582(c)(2) is a legal question reviewed de novo. <u>United States v. White</u>, 305 F.3d 1264, 1267 (11th Cir. 2002).

A district court does not have the authority to grant a § 3582(c)(2) sentencing reduction if the relevant Guidelines amendment does not have the effect of lowering the defendant's applicable Guidelines range. 18 U.S.C. § 3582(c); U.S.S.G. § 1B1.10(a). Under the Guidelines, "where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Because Baylor's mandatory minimum sentence of 120 months was greater than the maximum

of his original Guidelines range (ninety-seven months), his final original Guidelines "range" was 120 months.  See United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008).  Amendment 706 did not alter the statutory mandatory minimums for crack offenses.  See Kimbrough v. United States, --- U.S. ----, 128 S.Ct. 558, 574 (2007) (noting that district courts remain "constrained by the mandatory minimums Congress prescribed in the 1986 Act").  Thus, Baylor's Guidelines range was unaffected by Amendment 706, and it remains 120 months.  See Jones, 523 F.3d at 882.  The fact that the government originally moved to depart downwards from the mandatory minimum did not impact Baylor's Guidelines range and thus is irrelevant.  See United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008).  Because Baylor's original and post-Amendment 706 Guidelines ranges are the same, the district court did not have the authority to grant Baylor's § 3582(c)(2) motion for a sentencing reduction.  See U.S.S.G. §1B1.10 app. note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) . . . if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")); Jones, 523 F.3d at 882; Johnson, 517 F.3d at 1024.

## III

We vacate Baylor's reduced sentence of seventy-five months imprisonment and remand to the district court with instructions to reinstate his original sentence of ninety months imprisonment.

_____