# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2726

_____

United States of America,               *

                                *

         Appellee,           *

                                *      Appeal from the United States

     v.                    *      District Court for the

                                *      Eastern District of Arkansas.

Anthony Terrell Harris, also known   *

as Buddy,                   *

                                *      [UNPUBLISHED]

         Appellant.        *

_____

Submitted: March 9, 2009
Filed: March 30, 2009

_____

Before GRUENDER, ARNOLD and BENTON, Circuit Judges.

_____

PER CURIAM.

On July 11, 2007, a superseding indictment was returned against Anthony Terrell Harris, charging him with three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of aiding and abetting possession of cocaine base with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), and one count of aiding and abetting possession of cocaine with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).

On January 18, 2008, Harris pled guilty to aiding and abetting possession with the intent to distribute approximately 106.5 grams of a mixture or substance containing a detectable amount of cocaine base. The plea agreement stipulated that the drug quantity was between 100 and 150 grams of cocaine base and that the statutory mandatory minimum sentence was 120 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). At the change of plea hearing, the district court[1] reminded Harris that he faced a sentence of not less than 120 months' imprisonment and not more than life. On July 25, 2008, the district court sentenced Harris to the statutory mandatory minimum of 120 months' imprisonment and five years' supervised release.

Harris argues that the sentence is improper because he should have been sentenced below the statutory mandatory minimum based on Amendment 706 to the United States Sentencing Guidelines and *Kimbrough v. United States*, 552 U.S. ---, 128 S. Ct. 558 (2007); because he should have been given credit for time served while he was under pre-trial house arrest; and because the statutory mandatory minimum does not apply where the Government did not provide evidence of the purity of the crack cocaine. Each of these arguments fails.

In reviewing a sentence, we review legal conclusions de novo. *United States v. Mashek*, 406 F.3d 1012, 1016-17 (8th Cir. 2005). We reject Harris's first argument because neither Amendment 706 nor *Kimbrough* provides authority for a sentence below the statutory mandatory minimum. Amendment 706 reduced the base offense level for crack cocaine offenses in U.S.S.G. § 2D1.1(c). Harris argues that the district court should have retroactively applied Amendment 706 to reduce his sentence. However, Harris's sentence of 120 months' imprisonment was at the statutory mandatory minimum, which was not affected by Amendment 706. *See United States v. Jones*, 523 F.3d 881, 882 (8th Cir. 2008) (per curiam). Although *Kimbrough* allows

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

a district court to vary from the advisory guidelines range based on its disagreement with the guidelines' crack/powder cocaine ratio, *Kimbrough* does not authorize a sentencing court to impose a sentence below the statutory mandatory minimum. *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008).

We reject Harris's second argument because the Bureau of Prisons, not the district court, determines the credit for time served, so the district court properly left that issue to the discretion of the Bureau of Prisons. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (citing *United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996)). In any event, house arrest imposed as a condition of pre-trial release is not "'official detention' within the meaning of [18 U.S.C.] § 3585(b)." *United States v. Wickman*, 955 F.2d 592, 593 (8th Cir. 1992) (en banc) (per curiam).

Finally, we reject Harris's third argument because the Government need not provide evidence of the purity of the crack cocaine for a sentence pursuant to the statutory mandatory minimum. *See Chapman v. United States*, 500 U.S. 453, 459-68 (1991) (holding that, unless otherwise specified, the purity of a controlled substance is not a factor for sentencing under 21 U.S.C. § 841(b)).

Accordingly, we affirm Harris's sentence.

_____