# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-2014/08-2181/08-2189

_____

United States of America,                  *
                                            *
                    Appellee,               *
                                            *   Appeals from the United States
        v.                                  *   District Court for the
                                            *   Western District of Missouri.
Jasen Byers, Edward D. Robertson,           *
and Johnny D. Guess,                        *
                                            *
                    Appellants.             *

_____

Submitted: January 14, 2009
Filed: April 9, 2009

_____

Before MURPHY and SMITH, Circuit Judges, and LIMBAUGH, District Judge.[1]

_____

SMITH, Circuit Judge.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

Jasen Byers,[2] Edward D. Robertson, and Johnny D. Guess (collectively, "appellants"), each incarcerated for cocaine offenses, appeal from the district court's denial of their 18 U.S.C. § 3582(c)(2) motions for sentence reductions. They each filed their motions to reduce their sentences based on a recent amendment to the Guidelines, which, if applicable, reduces the base offense level derived from the cocaine base quantity involved in their offenses. But all three men were subject to a statutory mandatory minimum sentence, which became their Guidelines range pursuant to U.S.S.G. § 5G1.1(b). Each also received a downward departure from that range because the government filed downward departure motions. The district court[3] denied all three appellants' motions to reduce their sentences, finding that none of them were eligible for a further reduction of their sentences because the statutory mandatory minimum would still be the starting point for any departure. We affirm.

## I. *Background*
### A. *Jasen Byers*

Byers pleaded guilty to conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a), and 846. The presentence investigation report (PSR) concluded that Byers's advisory Guidelines range was 168 to 210 months' imprisonment, but this range was overridden by the statutory mandatory minimum of 240 months' imprisonment. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

---

[2]In addition to the instant case, Byers has also appealed the district court's dismissal of his motion under 28 U.S.C. § 2255, *Jasen Byers v. United States of America*, No. 08-1661, arguing that the district court erred in failing to apply the doctrine of "equitable tolling" to his motion, which was filed three years after his original sentence was imposed.

[3]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Prior to sentencing, the government filed a motion for downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), based on Byers's substantial assistance. The district court granted the government's motion and sentenced Byers to 150 months' imprisonment, followed by a five-year term of supervised release.

Thereafter, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35 asking the district court to further reduce Byers's sentence based on cooperation subsequent to his original sentencing. The district court granted the motion, sentencing Byers to 96 months' imprisonment, followed by a five-year term of supervised release.

"On November 1, 2007, the Sentencing Commission's amendment of the Drug Quantity Table in U.S.S.G. § 2D1.1(c) with respect to offense levels for crack cocaine offenses became effective. U.S.S.G. Supp. to App. C, amend. 706 (2007). On December 11, 2007, the Sentencing Commission voted to make [Amendment 706] retroactive." *United States v. Williams*, 551 F.3d 182, 184 (2d Cir. 2009). As a result, application of Amendment 706 may retroactively reduce the base offense level for cocaine base offenses by two levels. *See* Application Note 10(D) to U.S.S.G. § 2D1.1.

Once apprised of the change in the law, Byers filed a motion to reduce his sentence pursuant to Amendment 706 and § 3582(c)(2). The court below denied Byers's motion, stating:

> Defendant's guidelines range was subject to a mandatory minimum. An offense level of 31 and a criminal history category of V ordinarily yields a sentencing range of 168–210 months. However, the statutory minimum of 240 months effectively became the sentence, and the sentencing judge departed (pursuant to motions filed under 5K1 and 18 U.S.C. § 3553(3)(3)) based on that statutory minimum and sentenced Defendant to one hundred fifty months. The sentence was later reduced to

ninety-six months pursuant to a Rule 35 motion. Applying the amended guidelines will not affect Defendant's sentence because the reductions were based on or "keyed" to the statutorily mandated minimum sentence of 240 months—a statutory minimum that still applies even if the amended guidelines are applied. While it is true that Defendant does not gain any benefit from the amended guidelines, it is also true that he was not "damaged" by the amended guidelines because they played no part in establishing his sentence.

## B. *Edward D. Robertson*

Robertson pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base ("Count One"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and possession of firearms in furtherance of a drug trafficking crime ("Count Two"), in violation of 18 U.S.C. § 924(c). The PSR concluded that Robertson's advisory Guidelines range was 108 to 135 months' imprisonment for Count One, plus 60 months' imprisonment for Count Two. But Robertson's advisory Guidelines range was overridden by the statutory mandatory minimum sentence of 120 months' imprisonment for Count One. *See* U.S.S.G. § 5G1.1(b).

The government then filed a motion for downward departure, pursuant to § 5K1.1 and § 3553(e), based on Robertson's substantial assistance. The district court granted the motion and sentenced Robertson to 50 months' imprisonment for Count One and 60 months' imprisonment for Count Two, to run consecutively to Count One, for a total custody term of 110 months' imprisonment.

Subsequently, the government filed a Rule 35 motion on Robertson's behalf, and the district court granted the motion, imposing a sentence of 26 months' imprisonment on Count One, to run consecutively with the 60 months' imprisonment on Count Two, yielding a total custody term of 86 months' imprisonment.

Thereafter, Robertson filed a § 3582(c)(2) motion, asking the district court to reduce his sentence based on Amendment 706. The court denied the motion, stating:

> Defendant's sentence was subject to a statutorily-mandated minimum that was greater than the ordinarily-prescribed guideline range. The sentencing judge departed (pursuant to motions filed under 5K1 and 18 U.S.C. § 3553(3)(3)) below the 120 month minimum and sentenced Defendant to thirty months. Applying the amended guidelines will not affect Defendant's sentence because the reductions were based on or "keyed" to the statutorily mandated minimum sentence of 120 months—a statutory minimum that still applies even if the amended guidelines are applied. *United States v. Jones*, No. 08-1692 (8th Cir. April 25, 2008) (holding defendant subject to statutory minimum sentence greater than the ordinary guideline range is not entitled to relief under Amendments 706 and 711); *United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008) (indicating the proper "point of departure" is the statutory minimum, not the range ordinarily prescribed by the guidelines).

### C. *Johnny D. Guess*

Guess pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The PSR concluded that Guess's advisory Guidelines range was 120 to 135 months' imprisonment, noting that the 120-month mandatory minimum sentence overrode the otherwise applicable Guidelines range of 108 to 135 months' imprisonment. *See* U.S.S.G. § 5G1.1(b).

The government filed a motion for downward departure pursuant to § 5K1.1 and § 3553(e) based on Guess's substantial assistance. The district court granted the motion, sentencing Guess to 54 months' imprisonment, followed by a term of five years' supervised release.

Guess then filed a § 3582(c)(2) motion, asking the district court to reduce his sentence based on Amendment 706. The district court denied the motion. The court

then vacated that order so as to further consider Guess's argument that because he received a departure from the Guidelines range rather than the statutory mandatory minimum, he is eligible for relief under § 3582(c)(2). The court again denied the motion, stating:

> Defendant's sentence was subject to a statutorily-mandated minimum that was greater than the ordinarily-prescribed guideline range. The sentencing judge departed (pursuant to motions filed under 5K1 and 18 U.S.C. § 3553(3)(3)) below the 120 month minimum and sentenced Defendant to thirty months. Applying the amended guidelines will not affect Defendant's sentence because the reductions were based on or "keyed" to the statutory mandatory minimum sentence of 120 months—a statutory mandatory minimum that still applies even if the amended guidelines are applied. *United States v. Jones*, No. 08-1692 (8th Cir. April 25, 2008) (holding defendant subject to a statutory minimum sentence greater than the ordinary guideline range is not entitled to relief under Amendments 706 and 711); *United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008) (indicating the proper "point of departure" is the statutory minimum, not the range ordinarily prescribed by the guidelines).

## II. *Discussion*

Appellants argue that their applicable Guidelines ranges were lowered by the retroactive application of Amendment 706—the crack cocaine amendment. They assert that any argument to the contrary conflates the meaning of the term "guideline range," as used in U.S.S.G. § 1B1.10, with the term "guideline sentence," as used in § 5G1.1. According to appellants, their original sentences were "based on" the applicable Guidelines range because the district court took the range into account when determining whether to grant the full extent of the departure warranted under § 3553(e). As a result, they argue that because each of their sentences was based on a Guidelines range that has subsequently been lowered by the Sentencing Commission, each is eligible for relief under § 3582(c)(2) and § 1B1.10. Appellants maintain that the Commission's failure to specify the exact proportion of sentence

reduction to which each appellant is entitled does not indicate that they are ineligible for relief. Appellants assert that the Commission intended that defendants who had received § 3553(e) departures would be eligible for relief under Amendment 706. Accordingly, upon resentencing, they argue that the district court has discretion to consider the amended Guidelines range in fashioning their new sentences.

In response, the government contends that the district court properly found that none of the three appellants were eligible for a sentence reduction based on the retroactive application of Amendment 706. According to the government, all of the appellants' original sentences were based on their statutory mandatory minimums being the starting point of their downward departures. Section 5G1.1(b) of the Guidelines mandates that the statutory minimum becomes the Guidelines range if the statutory minimum is greater than the otherwise applicable Guidelines range. *United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008). Thus, the government argues that because the statutory minimums would be the appellants' Guidelines range—both before and after application of the retroactive cocaine base amendments—the district court properly denied each of the appellants' motions for reduction of sentence.

"A sentencing court has discretionary authority, under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, to reduce the term of imprisonment for a defendant . . . who was sentenced based on a guideline range subsequently lowered by the Sentencing Commission." *United States v. Whiting*, 522 F.3d 845, 852 (8th Cir. 2008).

> When exercising this discretion, the district court must first calculate the amended guideline range and determine what sentence it would have imposed had the new sentencing range been in effect at the original sentencing. It must then consider "that determination together with the general sentencing considerations contained in [18 U.S.C. §] 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed."

*Id.* at 852–53 (quoting *United States v. Wyatt*, 115 F.3d 606, 609 (8th Cir. 1997)). Section 1B1.10 of the Guidelines sets forth when a defendant is "entitled to a reduction under the retroactive amendment." *United States v. McGuire*, 524 F.3d 891, 892 (8th Cir. 2008) (per curiam). But this section specifically limits reductions to defendants whose Guidelines range is reduced as the result of an applicable amendment, stating:

> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—
>
>> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2). Application Note 1(A) to § 1B1.10 explains that

> a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*).

(Emphasis added).

In turn, § 5G1.1(b) of the Guidelines provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

The Eleventh Circuit recently decided a substantially similar case. *United States v. Williams*, 549 F.3d 1337 (11th Cir. 2008) (per curiam). In *Williams*, the defendant pleaded guilty to the distribution of more than five grams of crack cocaine. *Id*. at 1338. This offense, when combined with the defendant's criminal history, subjected the defendant to a sentencing range of 92 to 115 months under the Guidelines. *Id*. But the defendant had two prior felony drug convictions and was thus subject to a mandatory minimum sentence of 120 months. *Id*. "[T]he district court agreed that the applicable range was 120 months but granted a downward departure from that sentence based on the government's § 5K1.1 substantial assistance motion and pursuant to § 3553(e)." *Id*. The district court sentenced the defendant to 60 months' imprisonment and eight years of supervised release. *Id*. Thereafter, the district court gave notice to the defendant and the government that it was considering reducing the defendant's sentence to 50 months based on Amendment 706. *Id*. In response, the defendant filed a motion to reduce his sentence pursuant to § 3582(c)(2), asserting that "the § 5K1.1 motion had 'eliminated the mandatory minimum at the time of sentencing' and made him eligible for the reduction under Amendment 706." *Id*. He requested that the district court lower his sentence to 50 to 51 months. *Id*. The government objected to the motion, arguing that the defendant's original sentencing range was overridden by the statutory minimum, thereby making the defendant ineligible for the Amendment 706 reduction. *Id*. The district court granted the defendant's motion, reducing his sentence to 50 months. *Id*. The government appealed to the Eleventh Circuit. *Id*.

At issue before the court was "whether the district court's granting of the § 5K1.1 motion effectively waived the statutory mandatory minimum and thus entitled [the defendant] to a sentence reduction under Amendment 706." *Id*. at 1339. The defendant argued that the court should view his "guideline sentence" of 120 months as "separate and distinct" from his "guideline range" of 92 to 115 months. *Id*. at 1340. According to the defendant, the § 5K1.1 motion "effectively waived his 'guideline sentence' without affecting his 'guideline range.' Since Amendment 706 would thereby

-9-

reduce his 'guideline range,' the district court thus was permitted to reassess his sentence." *Id*. Additionally, the defendant asserted that the Commission "intended to permit individuals in his situation to take advantage of Amendment 706, as evidenced by the deliberate reference to lowering of the 'guideline range' in U.S.S.G. § 1B1.10(a)(1)." *Id*. The court rejected the defendant's argument, explaining:

> We find [the defendant's] attempted range/sentence distinction linguistically interesting but ultimately unpersuasive. The term "guideline range" reflects the scope of sentences available to the district court, which could be limited by a statutorily imposed mandatory minimum "guideline sentence." Accordingly, when a mandatory minimum exceeds some portion of the range for the base offense level, the applicable "guideline range" would be from that minimum to the upper end of the original guideline range. *See* [*United States v.*] *Pope*, 58 F.3d [1567,] 1568 n.1 (noting that "because of the statutorily mandated minimum of ten years, Pope's guidelines range became 120 to 121 months"). For those situations in which the mandatory minimum exceeds the range for the entire offense level, the "guideline sentence" would thus be the same as the "guideline range," even if it involves a "range" of only one number.
>
> Further, we believe that a downward departure from this mandatory minimum does not constitute a waiver or dispensing of this new "guideline range." Section § [sic] 3553(e) permits district courts to impose a sentence below a statutory minimum based on the filing of a substantial assistance motion. We see no indication in the statute that this decreased sentence should be read to somehow eliminate the otherwise applicable mandatory minimum.

*Id*. at 1340–42.

*Williams* is consistent with this court's precedent. In *United States v. Johnson*, the defendant faced a statutory mandatory minimum sentence of 180 months. 517 F.3d 1020, 1021 (8th Cir. 2008). The government made a substantial assistance motion for

a 30 percent reduction pursuant to § 3553(e) and § 5K1.1, recommending a total sentence of 126 months. *Id*. at 1022. The district court granted the motion. *Id*. On appeal, the defendant argued that he was entitled to resentencing based on recent amendments to the Guidelines, which reduce the base offense level derived from the amount of cocaine base. *Id*. at 1024. We found that these amendments "would not affect [the defendant] in any event because his sentence was subject to statutory mandatory minimums." *Id*. According to this court, the defendant "submits that these amendments would reduce his guideline range for the drug charge to 78–97 months, but because this is lower than the 120 month minimum in 21 U.S.C. § 841(b)(1)(A), 120 months would become the guideline sentence under § 5G1.1(b)." *Id*. As a result, because "the district court used the 120 month mandatory minimum as its point of departure," we held that "resentencing is not warranted." *Id*.

Additionally, in *United States v. Jones*, the defendant appealed the district court's denial of his motion for a reduction of his sentence pursuant to § 3582(c)(2) based on Amendment 706. 523 F.3d 881, 882 (8th Cir. 2008). We summarily affirmed the district court, stating:

> The top of [the defendant's] originally calculated guidelines range was less than the statutory mandatory minimum sentence for the quantity of crack involved in his conviction, so that his final originally calculated guidelines range was the statutorily required minimum sentence of 120 months. *See* USSG § 5G1.1(b); 21 U.S.C. §§ 846, 841(b). In considering a reduction to a defendant's term of imprisonment under § 3582(c)(2), the district court must determine the guidelines range as if the relevant amendment had been in place at the time of the original sentencing, and it may consider only the retroactive amendment in determining the amended guidelines range. *See United States v. Hasan*, 245 F.3d 682, 684–85 (8th Cir.) (en banc), *cert. denied*, 534 U.S. 905, 122 S. Ct. 238, 151 L. Ed.2d 172 (2001); USSG § 1B1.10(b)(1) (Suppl. Mar. 3, 2008).

*Id*.

Applying the rationale of *Williams*, along with this court's precedent in *Johnson* and *Jones*, the district court did not err in denying the appellants' motions for reduction of sentence. If Amendment 706 had been in effect at the time of the appellants' original sentencings, the mandatory minimums would *still* have controlled. The ultimate "guidelines range" would have been identical—the statutory mandatory minimum. Assuming the two-level reduction had applied during the original sentencing, the results would have been as follows: (1) Byers's Guidelines range of 140 to 175 months' imprisonment would be overridden by the statutory mandatory minimum of 240 months' imprisonment; (2) Robertson's Guidelines range of 87 to 108 months' imprisonment would be overridden by the statutory mandatory minimum of 120 months' imprisonment; and (3) Guess's Guidelines range of 87 to 108 months' imprisonment would be overridden by the statutory mandatory minimum of 120 months' imprisonment. Therefore, application of the retroactive amendments to the Guidelines have no effect on appellants' Guidelines ranges.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____