# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3853

_____

United States of America,

        Plaintiff - Appellee,

v.

Brent Jarrod Lindo,

        Defendant - Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota
\*
\* [UNPUBLISHED]
\*

_____

Submitted: May 15, 2009
Filed: June 19, 2009

_____

Before LOKEN, Chief Judge, EBEL[1] and CLEVENGER,[2] Circuit Judges.

_____

CLEVENGER, Circuit Judge.

Brent Lindo was in his sister's apartment when police, acting on a tip, executed a search warrant and found various quantities of cocaine, crack cocaine, Ecstacy, and marijuana in the house. Lindo and his sister were arrested and eventually both

---

[1]The Honorable David M. Ebel, United States Circuit Judge for the Court of Appeals for the Tenth Circuit, sitting by designation.

[2]The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Court of Appeals for the Federal Circuit, sitting by designation.

pleaded guilty to conspiring to distribute 50 grams or more of crack and cocaine. The district court[3] sentenced Lindo to 144 months in prison. The only issue on appeal is the district court's imposition of an enhancement under U.S.S.G. § 2D1.1(b)(1) for Lindo's possession of a firearm in connection with the drug crime. Because the issue is moot, we affirm.

On appeal, Lindo argues there was no connection between him and the firearm and that the district court therefore erred in applying a two-point firearm enhancement under U.S.S.G. § 2D1.1(b)(1). However, we generally do not review a sentencing enhancement when the imposition of the enhancement has no effect on the sentence and does not raise any collateral consequences. See United States v. Watkins, 486 F.3d 458, 470 (8th Cir. 2007) (holding that defendant's challenge to an enhancement was moot because his guideline sentence was the same regardless of the enhancement) (rev'd on other grounds, 128 S. Ct. 906 (2008)).

It is clear from the district court's statement of reasons for imposing Lindo's sentence that Lindo's guideline range was the twenty-year statutory minimum under 21 U.S.C. § 841(b)(1)(A) and U.S.S.G. § 5G1(b). (Statement of Reasons for Imposing Sentence p.1, Part II.C.) Imposition of the twenty-year statutory minimum sentence depends only on a defendant's prior felony drug conviction; the presence of a firearm has no impact. See 21 U.S.C § 841(b)(1)(A). Pursuant to 18 U.S.C § 3553(e), Lindo's sentence was ultimately reduced below the statutory minimum based on his substantial assistance to the government, but a firearm enhancement does not impact such a reduction either. See United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008) (holding that the district court may not consider any factor unrelated to a defendant's substantial assistance when imposing a below-statutory minimum sentence for substantial assistance).

---

[3]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Because the firearm enhancement did not affect his sentence, and because Lindo has not raised any potential collateral consequences associated with the enhancement, Lindo's only challenge to the sentence imposed is moot.

We therefore affirm the judgment of the district court.

_____