# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2406

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| James Wesley Reddix, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 6, 2009
Filed: July 28, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

James Reddix appeals the district court's[1] order denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. We may affirm on any basis supported by the record. See United States v. Clarke, 564 F.3d 949, 956 (8th Cir. 2009).

Reddix was found guilty by a jury of distributing and conspiring to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Guidelines

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

calculations--base offense level of 38, 4-level enhancement for role in the offense, total offense level of 42, and Category VI criminal history--yielded a range of 360 months to life in prison, and the district court sentenced him to 360 months. Amendment 706 reduces Reddix's total offense level from 42 to 40, but with a Category VI criminal history, his sentencing range remains 360 months to life. Thus, a reduction is not permitted. See 18 U.S.C. § 3582(c)(2) (court may modify term if "sentencing range" is subsequently lowered by Commission and reduction is consistent with applicable policy statements issued by Commission); U.S.S.G. § 1B1.10(a)(2)(B) (reduction is not authorized if amendment does not lower defendant's applicable Guidelines range), (b)(2)(A) (district court may not reduce defendant's sentence below minimum of amended Guidelines range); cf. United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009) (per curiam) (because original and post-amendment ranges were same, district court did not have authority to grant § 3582(c)(2) motion); see also United States v. Starks, 551 F.3d 839, 840-42 (8th Cir. 2009) (rejecting argument that United States v. Booker, 543 U.S. 220 (2005), applies to modification proceedings under § 3582(c)(2)).

Accordingly, the judgment is affirmed, and counsel is granted leave to withdraw on the condition that counsel inform Reddix about the procedures for filing petitions for rehearing and for certiorari.

_____