# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3595

_____

United States of America,          *
                                    *
            Appellee,        *
                                    *    Appeal from the United States
      v.                     *    District Court for the
                                    *    Western District of Missouri.
DeAnthony C. Cooper, also known as  *
Coop LNU,                *    [UNPUBLISHED]
                                    *
          Appellant.      *
                                    *

_____

Submitted: November 16, 2009
Filed:  November 23, 2009

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Appellant DeAnthony C. Cooper pled guilty to charges of conspiring to possess with the intent to distribute 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Cooper's advisory Guidelines range was 135 to 168 months, and he was subject to a statutory minimum of 120 months. Pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5K1.1 (2008) and 18 U.S.C. § 3553(e), the Government filed a downward departure motion due to

Cooper's substantial assistance. The district court[1] granted the motion and sentenced Cooper to 90 months' imprisonment. Cooper's counsel suggested the 90-month sentence based on Cooper's substantial assistance in "consideration for what he has done to date[.]"

Subsequently, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10, and based on Amendment 706, Cooper filed a Motion to Reduce Sentence. The Government requested that the court grant Cooper's motion. An updated Presentence Report suggested that Cooper's amended Guidelines range should be 108 to 135 months, which became 120 to 135 months to reflect the still-applicable statutory minimum of 120 months. The district court[2] found that the Guidelines range of 120 to 135 months was proper and, as Cooper's original sentence was 33% below the bottom of the previous Guidelines range of 135 months, reduced his sentence to 33% below the bottom of the new Guidelines range of 120 months for an amended sentence of 80 months.

Cooper appeals his amended sentence, arguing that the district court improperly used the statutory minimum as the bottom of the reduced Guidelines range, and alternatively, that the district court should have used a different formula or method to calculate the reduction.

II. Discussion

Section 3582(c)(2) allows for discretion in whether a district court elects to reduce a sentence, and if so, to what extent the sentence is reduced. 18 U.S.C.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

§ 3582(c)(2) (stating that "the court *may reduce* the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.") (emphasis added). When a reduction in sentence is contemplated under § 3582(c)(2), "the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). In this case, the parties are in agreement that a sentence reduction is warranted and that without considering the statutory minimum sentence the amended Guidelines yield a sentencing range of 108 to 135 months for Mr. Cooper. Additionally, the parties agree that the statutory minimum sentence remains at 120 months. The district court reiterated these facts in its order granting a sentence reduction.

Here, the district court properly contemplated the sentence that Cooper would have otherwise originally received under the amended Guidelines and clearly enunciated this rationale in its order. Nevertheless, Cooper argues that, even if the court used the correct input factors in arriving at its decision (i.e. the percentage difference, the amended Guidelines, etc.), it calculated the reduced sentence incorrectly. Under U.S.S.G. §1B1.10, where an individual has been granted a downward departure, resentencing based upon "a *comparable reduction* below the amended guideline range may be appropriate." U.S.S.G. §1B1.10 cmt. n.3. (emphasis added). The district court arrived at a 'comparable' reduction by using the percentage departure from the prior Guidelines floor (135 months), and applying that same percentage to the amended Guidelines floor (in Cooper's case, the statutory minimum of 120 months). Cooper argues that the percentage should have been applied to the bottom of an amended Guidelines range (108 months) without taking into consideration the statutory minimum. Eighth Circuit precedent does not support this argument. See e.g., United States v. Byers, 561 F.3d 825, 828 (8th Cir. 2009) (holding that a statutory minimum sentence became the defendant's Guidelines range); United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008) (per curiam) (holding that where a statutory minimum is greater than the amended Guidelines

-3-

range, the defendant is not entitled to a sentence reduction). When a statutory minimum is either included within or greater than the Guidelines range, the "advisory Guidelines range [will be] overridden by the statutory mandatory minimum sentence" pursuant to U.S.S.G. § 5G1.1(b). Byers, 561 F.3d at 828. The district court followed precedent in calculating a comparable reduction in Cooper's sentence.

To the extent Cooper argues that the district court needed to provide more discussion of its amended sentence, we note that the absence of a more extensive explanation or express discussion of additional considerations in a sentence modification is not an abuse of discretion. United States v. Clark, 563 F.3d 722, 725 (8th Cir. 2009) ("We, like the Supreme Court, have repeatedly rejected arguments challenging the sufficiency of sentencing courts' discussions of relevant factors in the context of full sentencing proceedings. . . .[W]e find no basis for demanding that a district court provide a more lengthy explanation under § 3582(c) than we require upon initial sentencing[.]").

Cooper also argues that the court should have used a number of alternative calculations in arriving at his amended sentence, all which would have resulted in a sentence lower than 80 months. For example, by using a percentage reduction from the top of both the initial and amended Guidelines (168 and 135 months, respectively) he arrives at a 72-month amended sentence. He argues that the amendments to the Guidelines suggest that his crime is now viewed as less severe, and therefore a method that yields a lower sentence is appropriate. Regardless, the district court properly evaluated the statutorily-required factors in arriving at the modified sentence. See id. The district court gave an adequate rationale for its decisions in both instances, and hence has not abused its discretion in awarding the amended 80-month sentence.

In this case, Cooper initially received a sentence that was well below both the Guidelines range and the statutory minimum and subsequently received a reduction based on the amended Guidelines. The district court properly assessed the applicable

factors in awarding Cooper a sentence reduction, and therefore the 80-month sentence is not an abuse of discretion.

III. Conclusion

We affirm the judgment of the district court and dismiss as moot the government's pending motion to dismiss.

_____