# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1801

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Missouri. |
| Derrick Bernard Allen, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: August 31, 2010
Filed: February 1, 2011

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.


In this direct criminal appeal, Derrick Allen appeals the sentence the district court[1] imposed following his guilty plea to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). After granting the parties' joint motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), based upon Allen's substantial assistance, the district court sentenced Allen to 84 months in prison and three years of supervised release. Counsel has moved to

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

withdraw, and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court also should have considered the 18 U.S.C. § 3553(a) factors when it sentenced Allen below the 15-year statutory minimum, and that this court should not enforce the appeal waiver contained in Allen's plea agreement.

Because the district court's authority to depart below the statutory minimum was limited to its consideration of assistance-based factors in section 3553(a), we find no basis for reversal. *See United States v. Burns*, 577 F.3d 887, 894-95 (8th Cir. 2009) (en banc) (after reducing sentence based on § 3553(e), district court may not reduce sentence further based on factors, other than assistance, set forth in § 3553(a); district court would exceed limited authority granted by § 3553(e) if it imposed sentence below statutory minimum based in part upon history and characteristics of defendant); *see also United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (district court properly limited deliberation on § 3553(e) motion to quality, nature, and significance of assistance provided). Because we affirm on the merits, we need not address the appeal waiver.

We reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no non-frivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw conditioned on counsel informing Allen about the procedures for seeking rehearing from this court and filing a petition for a writ of certiorari from the Supreme Court of the United States.

_____