# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2057

———————

United States of America,              *
                                       *
            Appellant,                 *
                                       *   Appeal from the United States
    v.                                 *   District Court for the Northern
                                       *   District of Iowa.
Jason Pepper,                          *
                                       *
            Appellee.                  *

———————

Submitted:  December 13, 2004
    Filed:  June 24, 2005

———————

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The primary question presented by this case is whether the sentencing guidelines permit a district court to consider a matter unrelated to a defendant's assistance to law enforcement officials when determining how far to depart below the guidelines range pursuant to a departure motion based on the defendant's assistance. *See* U.S.S.G. § 5K1.1.  We conclude that the guidelines do not permit a court to consider such an unrelated matter and that the court did so here.  We therefore remand this case for resentencing.

## I.

Jason Pepper pleaded guilty to one count of conspiring to distribute 500 grams or more of a methamphetamine mixture; in his plea agreement, he agreed that he was responsible for distributing between 1.5 and 5 kilograms of a methamphetamine mixture. The court determined, and the parties agreed, that after accounting for Mr. Pepper's acceptance of responsibility and the fact that he was eligible for the so-called safety-valve reduction, *see* U.S.S.G. § 2D1.1(b), the statutory minimum sentence did not apply and his base offense level under the guidelines was 30. The government, however, filed a motion pursuant to § 5K1.1 asking the court to depart below the guideline range of 97-121 months' imprisonment because Mr. Pepper (by a statement made shortly after his arrest and in grand jury testimony) provided information about two other individuals' involvement with illegal guns and drugs. More specifically, the government asked for a fifteen percent reduction, which would have resulted in a sentence of about 82 months, at the low end.

The court granted the § 5K1.1 motion and sentenced Mr. Pepper to 24 months in prison. The transcript of the sentencing hearing reflects that the judge settled on the sentence after both he and a probation officer called officials at the Bureau of Prisons during breaks in the proceedings to determine the minimum term of imprisonment that the defendant could serve and still qualify for the intensive drug treatment program offered at the federal prison in Yankton, South Dakota. According to the judge, the Bureau of Prisons official told him that as a practical matter 24 months was the minimum term required for the program.

## II.

Before we reach the heart of the case, we briefly address two threshold arguments made by the defendant. The first is that the government, in the plea agreement, waived its right to appeal the sentence. The agreement, in relevant part, reads as follows: "It is understood and agreed that even if a motion for departure is made by the government based upon the defendant's 'substantial assistance,' the final

decision as to how much, if any, reduction in sentence may be warranted because of that assistance rests solely with the district court." Mr. Pepper maintains that this passage constitutes a waiver of the government's right to appeal because through it the government entrusts the final decision on the extent of the departure to the district court.

We decline to read the passage quoted from the plea agreement as a waiver by the government of its right to appeal. The language of this passage convinces us that it is not a waiver of appellate rights, which typically employs more precise terms like "waiver" and "appeal," *see, e.g., United States v. Benitez-Diaz*, 337 F.3d 1080, 1081-82 (8th Cir. 2003) (per curiam), but an explanation of the government's role in securing a substantial-assistance departure: the government can recommend a departure from the guidelines sentence, but only the court can grant one.

Mr. Pepper also asserts that we cannot review the extent of the departure. This argument is unfounded. While we cannot entertain a defendant's challenge to the extent of a downward departure, we can review an appeal of the same issue by the government. *United States v. McCarthy*, 97 F.3d 1562, 1577-78 n.5 (8th Cir. 1996). *See also United States v. Lawal*, 17 F.3d 560, 563-64 (2d Cir. 1994). This difference in treatment arises from the language of the statutory provisions that provide jurisdiction for appeals of sentencing issues, *compare* 18 U.S.C. § 3742(a)(3) *with* § 3742 (b)(3); *see McCarthy*, 97 F.3d at 1577-78 n.5, and makes sense as a way of limiting the number of appeals, *see United States v. Colon*, 884 F.2d 1550, 1556 (2d Cir. 1989), *cert. denied*, 493 U.S. 998 (1989).

### III.

We now turn to the central issue of this case, namely whether the district court can base the extent of a departure made pursuant to a § 5K1.1 motion on a consideration unrelated to the defendant's assistance. This issue matters because calculating the guidelines sentence remains an important part of the sentencing

decision after *United States v. Booker*, 125 S. Ct. 738 (2005), even when a departure is involved. *See United States v. Sierra-Castillo*, 405 F.3d 932, 936 n.2 (10th Cir. 2005). As this issue involves the interpretation of the guidelines, we review the district court's resolution of it *de novo*. *United States v. Mashek*, 406 F.3d 1012, 1016 (8th Cir. 2005).

Section 5K1.1 is entitled "Substantial Assistance to Authorities." It explains that a sentencing court may depart from the guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person." U.S.S.G. § 5K1.1. It also includes a non-exhaustive list of considerations that could play a part in the district court's decision, all of which relate to the defendant's assistance to the authorities. U.S.S.G. § 5K1.1(a).

In earlier cases, we have touched on the question of what matters can be considered when determining the extent of a substantial-assistance departure motion, but we have never decided it. In *United States v. Anzalone*, 148 F.3d 940, 942 (8th Cir. 1998), for example, we mentioned that the district court could "of course weigh" post-plea agreement drug use that was unrelated to the defendant's assistance in exercising its downward departure discretion pursuant to § 5K1.1. But this statement was dictum because the question presented in that case was whether the government could consider non-assistance related matters when deciding whether to file a motion pursuant to § 5K1.1, not whether the court could consider such things. *See Anzalone*, 148 F.3d at 941. Also, in *United States v. Pizano*, 403 F.3d 991, 994-95 (8th Cir. 2005), we noted that while the background section of the commentary to the guidelines instructs courts to evaluate the "nature, extent, and significance" of a defendant's assistance, U.S.S.G. § 5K1.1.1 comment. (background), it does not state that these are the only legitimate considerations and adds, without embellishment, that "relevant factors" are to be considered. This pronouncement too was dictum, though, for we already had decided that the district court had not premised the extent

-4-

of the departure on a consideration unrelated to the defendant's assistance. *See Pizano*, 403 F.3d at 994.

We hold that the extent of a downward departure made pursuant to § 5K1.1 can be based only on assistance-related considerations. Section 5K1.1(a) provides that "[t]he appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following," after which it lists several sample considerations which all relate to a defendant's assistance. We do not think that the similarity of the examples is a coincidence. The interpretive canon of *noscitur a sociis*, which holds that words (like "but are not limited to") are known by their companions, *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995), is a familiar maxim, having been mentioned by the Supreme Court at least fifty-two times since 1805. *See, e.g. Jarecki v. G.D. Searle & Co.*, 367 U.S. 303, 307 (1961); *Lambert's Lessee v. Paine*, 7 U.S. 97, 134 (1805). That said, "[h]ad the Sentencing Commission wished to permit courts to consider factors unrelated to the quality of the defendant's cooperation when departing because of that cooperation, it seems likely that it would have promulgated a list of examples encompassing factors unrelated to cooperation." *United States v. Thomas*, 930 F.2d 526, 528, 529 (7th Cir. 1991), *cert. denied*, 502 U.S. 857 (1991), *superseded on other grounds as stated in United States v. Canoy*, 38 F.3d 893, 904-07 (7th Cir. 1994). Buttressing this conclusion is the fact that the finely reticulated structure of the guidelines indicates that the commission was neither careless in its selection of examples nor bent on giving courts the sort of discretion that follows from allowing them to extend or shorten departures for any reason under the sun. We believe that the same arguments apply to the background section of the commentary to the guidelines.

Additionally, we note that a majority of the courts of appeals that have faced the issue have concluded that only assistance-related matters may be considered when determining the length of a departure pursuant to this section. *See United States v. Pearce*, 191 F.3d 488, 492, 493 (4th Cir. 1999); *United States v. Bullard*, 390 F.3d

413, 416 (6th Cir. 2004); *United States v. DeMaio*, 28 F.3d 588, 591 (7th Cir. 1994); *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003); *United States v. Campbell*, 995 F.2d 173, 175 (10th Cir. 1993); *United States v. Luiz*, 102 F.3d 466, 469 (11th Cir. 1996).

In this case, we conclude, the court considered a matter unrelated to Mr. Pepper's assistance, namely its desire to sentence Mr. Pepper to the shortest possible term of imprisonment that would allow him to participate in the intensive drug treatment program at the federal prison in Yankton. At the sentencing hearing, the court instructed the probation officer to "call the BOP [Bureau of Prisons] and find out" what is the "minimum time I can give the defendant and still [have him] qualify for the 500-hour intensive drug treatment program." After the probation officer reported that 24 months' imprisonment was the minimum, the court stated that it was going to call a short recess and phone the warden at Yankton "to see if we can cut that time down a little bit." Following the recess, the court expressed its intention to sentence Mr. Pepper to 24 months in prison because the warden stated that 24 months was, indeed, the minimum sentence that would allow Mr. Pepper to take part in the drug treatment program. The court's desire to sentence Mr. Pepper to the minimum term that would allow him to participate in the treatment program plainly does not relate to any assistance rendered by Mr. Pepper. Thus, we conclude that the district court determined the length of the departure on the basis of an illegitimate consideration.

Having discovered an error, we must ascertain the appropriate remedy for it. If a district court has misinterpreted the guidelines, then under 18 U.S.C. § 3742(f)(1) we are obliged to remand the case for resentencing unless the sentence was not imposed " 'as a result of' " the error. *Williams v. United States*, 503 U.S. 193, 203 (1992) (quoting 18 U.S.C. § 3742(f)(1)); *see Mashek*, 406 F.3d at 1015. "[A] remand is appropriate unless the revising court concludes, on the record as a whole, that the

error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Williams*, 503 U.S. at 203.

The record does not demonstrate that the court would have given Mr. Pepper a 24-month sentence regardless of what matters the guidelines allow courts to consider in determining the extent of the departure. The court, for example, did not announce that the guidelines were irrelevant to its sentence. Also, given the pedestrian nature of Mr. Pepper's assistance, it is far from certain that the court would have arrived at the same guidelines sentence had it considered only assistance-related elements when deciding the extent of the departure. On the record before us, then, we cannot conclude that the misinterpretation did not affect the district court's selection of the sentence imposed, and we thus remand the case for resentencing. *See id.*; *Mashek*, 406 F.3d at 1020.

## IV.

For the reasons given above, we remand this case for resentencing in accordance with this opinion and with the principles set forth by the Supreme Court in *Booker*.

_____