# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-2512

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Deborah Marie Dalton, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 10, 2007
Filed:  March 5, 2007

_____

Before MURPHY, HANSEN, and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

Deborah Marie Dalton pleaded guilty to conspiring to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846, and was originally sentenced to a term of 60 months of imprisonment.  The Government appealed Ms. Dalton's sentence, which we found unreasonable, and we vacated and remanded for resentencing.  See United States v. Dalton, 404 F.3d 1029, 1034 (8th Cir. 2005).  Upon remand, and post-

Booker,[1] the district court[2] sentenced Ms. Dalton to a term of 160 months of imprisonment, and she now appeals that sentence as unreasonable, contending that at least a fifty percent reduction from the mandatory minimum sentence was warranted. After a thorough review, we affirm.

Because we made a thorough analysis of Ms. Dalton's original sentence and the charges against her in our prior opinion, we review the facts now only as they are pertinent to this appeal. Based on a stipulated offense level of 34 and a criminal history category IV, Ms. Dalton's advisory Guidelines range at her resentencing was 210-262 months. Because of her prior felony drug conviction, however, she faced a statutory mandatory minimum sentence of 240 months, thus making her advisory Guidelines range 240-262 months. The Government filed substantial assistance downward departure motions under both USSG § 5K1.1 and 18 U.S.C. § 3553(e), and recommended a ten percent departure. The district court granted Ms. Dalton a reduction of 80 months from the mandatory minimum sentence and imposed a sentence of 160 months of imprisonment. It is this sentence that Ms. Dalton now appeals, arguing that the sentence was unreasonable, that undue weight was given to the Guidelines in determining her sentence, and that the sentence should be remanded to give the district court more freedom in determining a reasonable sentence.

When sentencing a defendant, the district court must first determine the applicable advisory Guidelines range, as the court did here, relying upon Ms. Dalton's offense level and criminal history. See United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). The district court can then decide if a traditional departure from that advisory range is warranted, including one based upon substantial assistance motions, by utilizing the Guidelines and the policy statements

_____

[1]United States v. Booker, 543 U.S. 220 (2005).

[2]The Honorable Mark W. Bennett, then Chief Judge, United States District Court for the Northern District of Iowa.

contained therein, and if so, arrive at a final advisory Guidelines sentence. Id.; 18 U.S.C. § 3553(e). Once this final advisory Guidelines sentence is arrived at by the district court, the court should then evaluate the factors set forth in § 3553(a) and determine if a Guidelines or a non-Guidelines sentence is warranted. Id. If appealed, we would review the ultimate sentence imposed for reasonableness. See Booker, 543 U.S. at 261-62. However, the last step in the district court's determination of the ultimate sentence is eliminated if a Guidelines departure granted in step two takes the sentence below a statutory mandatory minimum sentence. United States v. Williams, No. 06-2532, 2007 WL 209979 at *1 (8th Cir. Jan. 29, 2007).

We find no error in the district court's determination of Ms. Dalton's sentence. A Guidelines departure sentence was properly determined, and we believe the district court gave proper weight to the assistance provided by Ms. Dalton in granting the substantial assistance departure. As we noted in her prior appeal, an extraordinary reduction for substantial assistance requires extraordinary circumstances, which were not present in Ms. Dalton's case. Dalton, 404 F.3d at 1033. As to any argument Ms. Dalton makes that a greater downward departure should have been made, the extent of a downward departure in the defendant's favor lies within the district court's discretion and is virtually unreviewable on a defendant's appeal, absent an unconstitutional motive animating the district court. No such motive is alleged here. United States v. Sykes, 356 F.3d 863, 865 (8th Cir. 2004).

Ms. Dalton also contends that more weight should have been given to the § 3553(a) factors in determining the proper departure and to her post-conviction rehabilitative efforts. When determining the extent of a departure under either § 5K1.1 or § 3553(e), only the assistance-related factors set forth in those provisions are properly considered. See Williams, 2007 WL 209979 at *1 (stating "that a reduction in sentence based on § 3553(e) may be based only on assistance-related considerations"); United States v. Pepper, 412 F.3d 995, 998 (8th Cir. 2005) (holding "that the extent of a downward departure made pursuant to § 5K1.1 can be based only

on assistance-related considerations").  In fact, we recently held in <u>Williams</u> that a district court erred when, after it granted a § 3553(e) substantial assistance Guidelines departure producing an advisory Guidelines sentence below the statutory minimum, it then granted a further <u>Booker</u>-based variance based upon the § 3553(a) factors. <u>Williams</u>, 2007 WL 209979 at *1.  The factors in § 3553(e) are the only factors a district court may consider when imposing a sentence below the statutory mandatory minimum, and as we noted in Williams, "the remedial holding in <u>Booker</u> does not impact the pre-existing limitations embodied in § 3553(e)."  <u>Id.</u>  Thus, once a departure made pursuant to the structure of the Guidelines takes a sentence below the statutory mandatory minimum, it is improper for a further sentence reduction to be granted based upon the § 3553(a) factors.  <u>Id.</u>  Here the court properly determined a Guidelines departure, using only the substantial assistance factors to determine the extent of the downward departure and the ultimate sentence.  Because the extent of this downward departure is unreviewable, we affirm the 160-month sentence imposed upon Ms. Dalton.

_____