# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2834

———————

United States of America,

            Appellee,

    v.

Martin Jermaine Billue,

            Appellant.

*
*
*
*
*   Appeal from the United States
*   District Court for the
*   District of Minnesota.
*
*     [PUBLISHED]
*

———————

Submitted: May 15, 2009
Filed: July 23, 2009

———————

Before LOKEN, Chief Judge, EBEL[1] and CLEVENGER[2], Circuit Judges.

———————

EBEL, Circuit Judge.

      Martin James Billue ("Billue") pled guilty to conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841 and 846. Because of the quantity of drugs involved and Billue's prior conviction for a felony drug offense, he was subject to a mandatory minimum sentence of 240 months' imprisonment. Based on his

---

[1]The Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

[2]The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Federal Circuit, sitting by designation.

substantial assistance to the Government in convicting other members of the conspiracy, however, the Government moved for a downward departure from the statutory minimum. The district court[3] granted that motion, sentencing Billue to 108 months' imprisonment followed by 10 years of supervised release. Billue appeals, asserting that the district court erred by concluding (1) that in ruling on the Government's motion, it was permitted to consider only factors related to Billue's substantial assistance; and (2) that the starting point for the downward departure was the statutory minimum sentence.

Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

For roughly ten months in 2007, Billue was part of a cocaine- and marijuana-trafficking ring in Minnesota and Michigan. The ring distributed approximately fifteen kilograms of cocaine and ninety kilograms of marijuana. In January of 2008, Billue and his fellow traffickers were charged in a single-count indictment with conspiracy to distribute at least five kilograms of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Because Billue had a prior felony drug conviction, he faced a mandatory minimum sentence, under 21 U.S.C. § 841(b)(1)(A), of twenty years' imprisonment.

Pursuant to a plea agreement, Billue pled guilty to the single count of conspiracy to distribute. That agreement identified Billue's base offense level under the Sentencing Guidelines as thirty-four and included the Government's recommendation for a three-level reduction for acceptance of responsibility if Billue

---

[3]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

were to testify truthfully at his change-of-plea hearing.  However, the agreement also noted that because of his past criminal conduct,  Billue might qualify as a career offender under U.S.S.G. § 4B1.1, thus raising his base offense level to thirty-seven. Based on the parties' belief that Billue's Criminal History Category under the Guidelines would be VI, the plea agreement calculated Billue's sentencing range as either 240 months  or 262-327 months, depending on whether he was sentenced as a career offender.[4]

The plea agreement further provided that Billue would cooperate with the Government in the prosecution of his co-conspirators and other drug-trafficking suspects, and that if he cooperated fully and truthfully so as to render substantial assistance, the Government would file a motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), giving the district court authority to depart downward from the advisory Guideline range and the statutory minimum sentence, respectively.  Billue rendered substantial assistance to the Government's satisfaction, and the Government filed the promised motion for downward departure.

---

[4]The agreement posited that in the absence of career-offender status, Billue would have a total offense level of thirty-one (a base level of thirty-four, minus three levels for acceptance of responsibility), which, when combined with a criminal history category of VI, produced a Guidelines range of 188-235 months.  However, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  U.S.S.G. § 5G1.1(b).  Therefore, because of  § 841(b)(1)(A)'s mandatory minimum, Billue's Guideline range would have been 240 months under this scenario.

With career-offender status, according to the plea agreement, Billue would have a total offense level of thirty-four (a base level of thirty-seven, minus three levels for acceptance of responsibility); combined with a criminal history category of VI, that offense level would have produced a mandatory minimum sentence of 240 months, with an advisory Guidelines range of 262-327 months.

Prior to sentencing, Billue filed a "Position with Regard to Sentencing" brief. In that brief, he argued that in ruling on the motion for downward departure, the district court "must sentence Mr. Billue pursuant to the scheme laid out at Section 3553(a) of Title 18 of [the] United States Code." (Billue's Sent. Br. at 3 (emphasis added).) As a result, according to Billue, the district court should consider his personal history and characteristics, and particularly his "unfortunate upbringing and early abuse of drugs," as part of its analysis of the motion for departure. (Id. at 2.)

At sentencing, the district court found that under the Guidelines,[5] Billue's total offense level was thirty-one, and his criminal history category was IV, rather than the VI anticipated in the plea agreement. In the absence of a statutory minimum, the district court explained, the advisory Guidelines range would have been 151-188 months; however, because of that mandatory minimum, Billue's "imprisonment range" under the Guidelines was the statutorily mandated 240 months. (Sent. trans. at 14.) See 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(b). The district court thus concluded that 240 months' imprisonment was "in fact the starting point for the Court" in applying any downward departure it might grant in response to the Government's motion. (Sent. trans. at 3.) While acknowledging that 240 months was "the mandatory minimum, statutorily, and . . . [was] the starting point" for a departure, Billue nonetheless proposed that the inapplicable advisory Guidelines range of 151-188 months "should be in play at least in some degree" in the district court's ruling on that motion. (Id. at 4.)

Billue also renewed, at sentencing, his argument that the court could consider factors other than those related to his substantial assistance–and specifically § 3553(a)

_____

[5]Having compared the Guidelines Manual in effect at the time of the offense of conviction and the Manual in effect at the time of sentencing, and having concluded that use of the latter would not violate the ex post facto clause, the district court applied the Guidelines Manual incorporating amendments effective March 3, 2008. See U.S.S.G. § 1B1.11.

factors–in ruling on the motion for downward departure. The district court responded by explaining that under governing Eighth Circuit law, "the only basis for [departure] underneath [the statutory minimum of] 240 [months] is not a 3553(a) factor. . . . Rather, it is the level of his assistance that he gave the United States." (Id. at 6-7.) With Billue's objections preserved for appeal, the district court considered only Billue's substantial assistance to the Government and sentenced him to 108 months in prison, a downward departure of 132 months from the statutory minimum. Billue timely appealed.

## II.    DISCUSSION

Billue asserts that the district court erred by concluding (1) that in ruling on the Government's motion, it was permitted to consider only factors related to Billue's substantial assistance; and (2) that the starting point for the downward departure was the statutory minimum sentence.

### A.    *Standard of review*

The district court's application of the Sentencing Reform Act is an issue of law that we review de novo. United States v. Foster, 514 F.3d 821, 824 (8th Cir. 2008); United States v. Bahena, 223 F.3d 797, 804 (8th Cir. 2000).

### B.    *What the district court may consider in ruling on motions under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1*

#### 1.    18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1

We begin with the plain language of the statute and guideline. Section 3553(e), entitled "Limited authority to impose a sentence below a statutory minimum," reads, in full, as follows:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence <u>so as to reflect a defendant's substantial assistance</u> in the investigation or prosecution of another person who has committed an offense. <u>Such sentence</u> shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e) (emphasis added). Guideline § 5K1.1–entitled "Substantial Assistance to Authorities (Policy Statement)"–provides, in turn, that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. "The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:"

(1)     the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)     the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)     the nature and extent of the defendant's assistance;

(4)     any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5)     the timeliness of the defendant's assistance.

Id. § 5K1.1(a). Section 5K1.1's application notes further explain that "[u]nder circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum

sentence." <u>Id.</u>, application note 1. "Substantial assistance" is defined as assistance "directed to the investigation and prosecution of criminal activities by persons other than the defendant." <u>Id.</u>, application note 2.

### 2. Governing Eighth Circuit law

We have made clear that when a district court is ruling on a motion for downward departure pursuant to § 3553(e) and/or § 5K1.1, that court may consider <u>only</u> factors related to the defendant's substantial assistance to the Government. <u>United States v. Johnson</u>, 517 F.3d 1020, 1023 (8th Cir. 2008); <u>United States v. Williams</u>, 474 F.3d 1130, 1130-32 (8th Cir. 2007); <u>United States v. Pepper</u>, 412 F.3d 995, 997-99 (8th Cir. 2005); <u>see also</u> <u>United States v. Burns</u>, 500 F.3d 756, 760 (8th Cir. 2007) (en banc), <u>vacated and remanded</u>, 128 S. Ct. 1091 (2008); <u>United States v. Plaza</u>, 471 F.3d 928, 930 (8th Cir. 2006); <u>United States v. Saenz</u>, 428 F.3d 1159, 1162 (8th Cir. 2005). Most crucial for our purposes here is that "[i]n reducing a sentence below the statutory minimum under 18 U.S.C. § 3553(e) for a defendant's substantial assistance, a court . . . may not use the factors in 18 U.S.C. § 3553(a) to decrease the sentence further." <u>Johnson</u>, 517 F.3d at 1023.

We emphasize today that this body of caselaw means what it plainly says, and that this issue is clearly settled by <u>Johnson</u>, <u>Williams</u> and <u>Pepper</u>. In <u>Williams</u>, we pointed to the significance of § 3553(e)'s title, "Limited authority to impose a sentence below a statutory minimum." 474 F.3d at 1132. Given that title, we reasoned, "Congress evidently wanted statutory minimum sentences to be firmly enforced, subject only to carefully 'limited' exceptions." <u>Id.</u> We went on to stress that, consistent with this limited grant of authority, § 3553(e)'s first textual sentence permits district courts to "impose a sentence below the statutory minimum only '<u>so as to reflect a defendant's substantial assistance</u>.'" <u>Id.</u> (quoting 18 U.S.C. § 3553(e) (emphasis added by <u>Williams</u> court)). As a result, if "a district court imposes a sentence below the statutory minimum in part so as to reflect the history and

characteristics of the defendant, then the court exceeds the limited authority granted by § 3553(e)." Id. (citation omitted).

We went on to explain, in Williams, that the limited grant of authority in § 3553(e)'s title and first textual sentence extends to its mandate that a penal sentence imposed "so as to reflect a defendant's substantial assistance" must simultaneously be imposed "in accordance with the guidelines and policy statements issued by the Sentencing Commission." Id. (citing United States v. Ahlers, 305 F.3d 54, 61-62 (1st Cir. 2002)). Because the penal sentence at issue must reflect a defendant's substantial assistance, we reasoned, the "guidelines and policy statements" to which the court may refer must be those "that bear directly upon the desirability and extent of a substantial assistance departure." Id. (quotation omitted).

In Pepper, we reasoned that although § 5K1.1 articulates a non-exclusive list of "reasons" that district courts may consider in ruling on motions for downward departure based on substantial assistance, the fact that the list names only assistance-related considerations indicates that the Sentencing Commission intended to limit district courts to considerations of precisely that kind. 412 F.3d at 998. Invoking the familiar interpretive canon of noscitur a sociis,[6] we explained that "[h]ad the Sentencing Commission wished to permit courts to consider factors unrelated to the quality of the defendant's cooperation when departing because of that cooperation, it seems likely that it would have promulgated a list of examples encompassing factors unrelated to cooperation." Id. (quotation omitted). Furthermore, "the finely reticulated structure of the guidelines indicates that the commission was neither careless in its selection of examples nor bent on giving courts the sort of discretion that follows from allowing them to extend or shorten departures for any reason under the sun." Id.

---

[6]This interpretive canon "holds that words ([such as] 'but are not limited to') are known by their companions, Gustafson v. Alloyd Co., 513 U.S. 561, 575 (1995)." Pepper, 412 F.3d at 998 (additional citation omitted).

Therefore, we held, "the extent of a downward departure made pursuant to § 5K1.1 can be based only on assistance-related considerations." Id.

Finally, we explained in Johnson and Williams that the Supreme Court's holdings in Kimbrough v. United States, 128 S. Ct. 558 (2007), Gall v. United States, 128 S. Ct. 586 (2007), and United States v. Booker, 543 U.S. 220 (2005), did not "expand the district court's authority to impose a sentence below a statutory minimum," Williams, 474 F.3d at 1131. Johnson, 517 F.3d at 1024. District courts thus "properly limit[]" their § 3553(e) analysis "to the quality, nature, and significance of the assistance [the defendant] provided." Id.

### 3. Analysis

Billue acknowledges that the district court's decision to consider only assistance-related factors in ruling on the motion for downward departure was "in accordance with" our governing law. (Aplt. Br. at 5-7 & n.2.) He simply urges us to reverse that governing law.

One Eighth Circuit panel, however, "cannot overrule another's opinion." United States v. Snyder, 511 F.3d 813, 818 (8th Cir. 2008) (citing United States v. Mohr, 407 F.3d 898, 901 (8th Cir. 2005)). In short, even if we were inclined to question our governing caselaw–which we are not–"we are bound by our precedents[,] . . . and only the court en banc could overturn them." United States v. Mickelson, 433 F.3d 1050, 1052 (8th Cir. 2006) (citing Bilello v. Kum & Go, LLC, 374 F.3d 656, 661 n.4 (8th Cir. 2004)).

Under our precedents, the district court was correct to insist that it could consider only assistance-related factors in deciding the Government's motion for downward departure. Therefore, we AFFIRM the district court as to this issue.

C. *The district court's starting point in applying a downward departure to a statutorily mandated minimum sentence*

Billue next proposes that the district court erred by not recognizing that it had discretion to do two things: (1) use as its starting point, in applying the downward departure, not the statutory minimum sentence of 240 months, but rather Billue's "guideline calculation" sentencing range, without regard to the statutory minimum sentence; and (2) first reduce his sentence, pursuant to the § 3553(e) motion, from the statutory minimum to his "guideline calculation" sentence, and then further reduce that sentence pursuant to the § 5K1.1 motion. For the reasons that follow, we reject both arguments.

### 1. Billue's Guideline sentence

Guideline § 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, <u>the statutorily required minimum sentence shall be the guideline sentence</u>." U.S.S.G. § 5G1.1(b) (emphasis added). <u>See</u> <u>United States v. Byers</u>, 561 F.3d 825, 826-27, 829 (8th Cir. 2009) ("Section 5G1.1(b) of the Guidelines mandates that the statutory minimum becomes the Guidelines range if the statutory minimum is greater than the otherwise applicable Guidelines range. . . . The ultimate 'guidelines range' [is] identical [to] the statutory mandatory minimum."); <u>United States v. Trobee</u>, 551 F.3d 835, 839 (8th Cir. 2009) (explaining that pursuant to § 5G1.1(b), "[f]or those situations in which the mandatory minimum exceeds the range for the entire offense level, the 'guideline sentence' would . . . be the same as the 'guideline range,' even if it involves a 'range' of only one number" (quotation omitted)).

In Billue's case, the statutory minimum of 240 months was greater than the maximum of his otherwise-applicable Guidelines range of 151-188 months. Therefore, pursuant to § 5G1.1(b), 240 months became his Guideline sentence. When

the district court correctly used the statutory minimum sentence as the starting point for applying the downward departure, then, it also–necessarily–used Billue's Guideline sentence as that starting point. There is no basis in the law for Billue's notion that the district court had discretion to elect, instead, to apply the downward departure to the Guideline range that would have applied to him in the absence of the mandatory minimum sentence.

### 2. Potential consecutive departures under § 3553(e) and § 5K1.1

Billue's argument in this context is foreclosed by our precedent. In United States v. Rabins, 63 F.3d 721, 726-27 (8th Cir. 1995), Defendant A.L. Johnson argued that after the sentencing court had awarded him a departure, pursuant to § 3553(e), from his statutorily mandated minimum sentence, the court "was then free to" reduce his sentence further below that mandatory minimum "for any reason allowed by the guidelines or policy statements." We explained that such an additional departure was "not appropriate" where the Guideline upon which the proposed departure would be based "'by its plain terms makes no mention of departure below mandatory minimums.'" Id. at 727 (quoting United States v. Rodriguez-Morales, 958 F.2d 1441, 1444 (8th Cir. 1992)). In short, "[a] motion of the government to depart below the mandatory minimum under § 3553(e) does not open the door for a departure under" statutory or Guidelines provisions that do not specifically authorize departure from that mandatory minimum. Id.

Here, Billue argues that after the district court awarded him a § 3553(e) departure from his mandatory minimum sentence, the court had discretion to award him an additional departure under Guideline § 5K1.1. However, like the Guideline at issue in Rabins, § 5K1.1 authorizes a district court to depart downward only from the Guidelines sentencing range; it does not authorize the court to depart downward from a mandatory minimum sentence. Melendez v. United States, 518 U.S. 120, 126 (1996); Williams, 474 F.3d at 1131 ("A motion under § 5K1.1 authorizes the

-11-

sentencing court to depart below the applicable advisory guideline range in determining the advisory guideline sentence, [while] a § 3553(e) motion permits the court to sentence below a statutory minimum."). Therefore, the district court's grant of the Government's § 3553(e) motion for departure from the mandatory minimum did not "open the door for a [further] departure," Rabins, 63 F.3d at 727, under § 5K1.1.

Having granted the Government's motion for departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the district court correctly applied that departure to Billue's 240-month mandatory minimum sentence. Therefore, we AFFIRM the district court as to this issue.

D.      *Billue's appeal as a challenge to the extent of the downward departure*

While Billue frames his appeal as a challenge to the district court's application of the Guidelines, the appeal may also be construed as a challenge to the extent of the downward departure awarded by the district court. (See Aplt. Br. at 9-10 (arguing that the district court could have awarded Billue an additional departure of 32 months).)

Absent an allegation that the district court was motivated by an unconstitutional motive in arriving at its downward departure, we may not review "the extent of [such] a downward departure in the defendant's favor." United States v. Dalton, 478 F.3d 879, 881 (8th Cir. 2007). Whether, upon motion by the Government, to depart downward from a mandatory minimum, and how much to so depart, is a decision that "lies within the district court's discretion and is virtually unreviewable on a defendant's appeal." Id.; see also United States v. Berni, 439 F.3d 990, 992 (8th Cir. 2006) (explaining that the non-reviewability rule survived Booker, 543 U.S. at 220).

Here, there is no allegation of unconstitutional motive on the part of the district court. Therefore, inasmuch as Billue's appeal is a challenge to the extent of the downward departure granted by the district court, we may not consider that challenge.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of sentence.

_____