# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3024

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Alonzo King, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 5, 2009
Filed:  October 9, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Alonzo King challenges the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute 50 grams or more of a mixture containing a detectable amount of crack cocaine, having been previously convicted of a drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 851.  On appeal, King's counsel seeks permission to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in sentencing King to 240 months in prison.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

We conclude that the district court lacked discretion to sentence King below the statutory minimum of 20 years in prison. <u>See</u> 21 U.S.C. § 841(b)(1)(A) (minimum 20-year prison sentence for qualifying drug offense if defendant has prior felony drug conviction); <u>United States v. Billue</u> 576 F.3d 898, 903-04 (8th Cir. 2009) (noting that certain recent Supreme Court decisions addressing reasonableness of sentences did not expand district court's authority to impose sentence below statutory minimum); <u>United States v. Chacon</u>, 330 F.3d 1065, 1066 (8th Cir. 2003) (when minimum sentence required by statute is greater than minimum sentence Guidelines would otherwise require, statute controls, and statutory minimum sets Guidelines minimum).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing King about procedures for seeking rehearing or filing a petition for certiorari.

_____