# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2373

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Sergio Fierros Lozada, | * | [UNPUBLISHED] |
| also known as Jimmy, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 18, 2010
Filed: October 21, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Sergio Fierros Lozada pled guilty to one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Granting the government's motion for a downward departure for substantial assistance, the district court[1] sentenced Fierros Lozada to 60 months in prison, below

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

the guideline range of 135 to 168 months. Fierros Lozada appeals, asserting procedural error. This court affirms.

In the plea agreement, Fierros Lozada admitted serving as a courier in a drug-trafficking organization. He maintained the residence where the organization stored controlled substances and a number of firearms – the "stash." He regularly obtained drugs from the stash, delivered them to co-conspirators, and collected money from the sales. He admitted accountability for the sales of between 15 and 50 kilograms of cocaine, 3,007.37 grams of methampetamine, and the possession of a number of firearms. The parties agreed that Fierros Lozada's total offense level was 33 and his criminal history was Category I. The district court calculated an (undisputed) guideline range of 135 to 168 months. Fierros Lozada was subject to a mandatory minimum of 120 months, and was ineligible for safety-valve relief because he possessed firearms in furtherance of the conspiracy. The government moved under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) for a downward departure due to Fierros Lozada's substantial assistance in the prosecution of co-conspirators. He requested a sentence of one year and one day, based on the government's motion and on his status as an illegal immigrant subject to removal upon completion of his sentence. The court granted the government's motion but departed downward only to a sentence of 60 months' imprisonment.

Fierros Lozada argues for the first time on appeal that the district court committed procedural error by failing to explain adequately its downward departure from the guideline range, and by failing to consider his status as an illegal immigrant in applying the 18 U.S.C. § 3553(a) factors. While he asserts procedural error, his claim is construed more properly as a challenge to the extent of the downward departure awarded by the district court. *See United States v. Billue*, 576 F.3d 898, 905 (8th Cir.), *cert. denied*, 130 S. Ct. 765 (2009). "Absent an allegation that the district court was motivated by an unconstitutional motive in arriving at its downward departure, we may not review 'the extent of 'such a downward departure in the

defendant's favor." *Id.*, *quoting United States v. Dalton*, 478 F.3d 879, 881 (8th Cir. 2007). This court cannot review Fierros Lozada's ostensible procedural claim, because he does not allege that the extent of the district court's downward departure was motivated by an unconstitutional motive.

The judgment of the district court is affirmed.

_____