# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2173

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Wael Abdel-Karem, | * | [UNPUBLISHED] |
| also known as Skrill | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 15, 2010
Filed: January 31, 2011

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Wael Abdel-Karem pled guilty to one count of possession with intent to distribute more than 50 grams of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court[1] sentenced him to 144 months in prison, below the advisory guideline range. Abdel-Karem appeals. This court affirms.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, now retired.

On August 17, 2009, officers executed a search warrant at Abdel-Karem's residence, finding 612 grams of meth and $12,680 cash in a basement bedroom, a semi-automatic pistol with a loaded magazine under a pillow in his bedroom, 155 grams of powder cocaine in a kitchen cupboard, and 896 grams of meth in the garage. Scales, a heat sealer, heat-sealer bags, and magazines for firearms were discovered throughout the house.

The presentence investigation report (PSR) calculated a total offense level of 35, which included a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for the possession of a dangerous weapon, and a three-level reduction for acceptance of responsibility. Based on a criminal history of category III, the PSR concluded that Abdel-Karem's advisory range was 210 to 262 months.

The district court agreed with the PSR and rejected Abdel-Karem's argument that the two-level enhancement did not apply. After considering the government's motion for downward departure under U.S.S.G. § 5K1.1, the court sentenced him to 144 months.

Abdel-Karem appeals his sentence on the grounds that the district court erred in applying a two-level enhancement for possession of a dangerous weapon, failing to consider the nature and circumstances of his offense, and failing to explain adequately its departure from the guideline range.

To trigger a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1), "[t]he government must simply show that it is not clearly improbable that the weapon was connected to the drug offense." *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2010), *cert. denied*, ___ U.S. ___, 129 S. Ct. 259 (2008). This court reviews for clear error the factual finding supporting a sentencing court's imposition of this enhancement. *See United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010). Abdel-Karem argues that the pistol was not connected to his offense because he used

it only for personal protection (after a recent assault), and because no drugs were found in the same room as the pistol. However, his assailants were rivals in the drug trade, and meth and related paraphernalia were found throughout his home. Given these facts, the district court did not commit clear error in applying the sentencing enhancement.

Abdel-Karem also argues that the district court failed to consider the nature and circumstances of his offense and his personal history as required by 18 U.S.C. § 3553(a). This court reviews for abuse of discretion the substantive reasonableness of a defendant's sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court heard and discussed aspects of Abdel-Karem's personal history, family life, and the circumstances of his offense – adequately explaining the basis for its sentence. *See United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008) ("If a district court references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute.") (internal quotation omitted).

Abdel-Karem challenges the extent of the district court's downward departure under U.S.S.G. § 5K1.1. "Absent an allegation that the district court was motivated by an unconstitutional motive in arriving at its downward departure, we may not review the extent of [such] a downward departure in the defendant's favor." *United States v. Billue*, 576 F.3d 898, 905 (8th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S. Ct. 765 (2009) (alteration in original) (internal quotation omitted). This court cannot review Abdel-Karem's downward departure claim, because he does not allege an unconstitutional motive.

The judgment of the district court is affirmed.
_____