# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2492

_____

United States of America,

        Appellee,

v.

Kou Lee, also known as Kuffy,

        Appellant.

  *
  *
  *
  *  Appeal from the United States
  *  District Court for the
  *  District of Minnesota.
  *
  *  [UNPUBLISHED]
  *

_____

Submitted: March 12, 2012
Filed: March 23, 2012

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kou Lee pled guilty to conspiring to distribute 50 grams or more of actual methamphetamine under a plea agreement in which he waived his rights to appeal if he were sentenced to fewer than 360 months. Lee was initially sentenced to 300 months and then resentenced to 264 months after the parties realized that the original sentence was based on an erroneous calculation of the drug weight. Lee appeals, arguing that the revised offense level rendered his waiver invalid and that the district

court[1] should have provided a greater downward departure.  Because we conclude that Lee waived his right to appeal on these grounds, we dismiss the appeal.

After being indicted along with twelve codefendants on numerous drug charges, Lee entered a plea agreement on one conspiracy charge.  The agreement stated that the parties had agreed on several sentencing guideline factors, including the base offense level, the statutory minimum of twenty years, an adjustment for acceptance of responsibility, and the specific offense characteristics.  It also noted that the parties disagreed on the potential application of a four level enhancement under U.S.S.G. § 3B1.1(a) for Lee's role as a leader or organizer of the conspiracy and Lee's criminal history category.  The agreement included a provision stating that "the parties shall not be entitled to withdraw from the plea agreement" even if the district court determined the guideline factors to be different than outlined in the agreement.  Lee also agreed to waive his right to appeal his sentence "unless the Court sentence[d] [him] above 360 months in prison."

The presentence investigation report (PSR) calculated Lee's base offense level as 38 based on the amount of drugs involved.  It applied a four level enhancement for his role in the conspiracy and a three level reduction for acceptance of responsibility, resulting in a total offense level of 39.  The PSR determined Lee's criminal history category to be V with a guideline range of 360 months to life imprisonment.  At sentencing the government moved for a downward departure for substantial assistance under U.S.S.G § 5K.1.1.  Lee moved for a downward departure under U.S.S.G § 4A1.3, arguing that his category V classification overstated his criminal history.  The district court denied Lee's motion, granted the government's motion, and sentenced Lee to 300 months, 60 months below the bottom of the guideline range.

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

Lee then realized that the PSR included an erroneous calculation of the amount of drugs involved and that the base offense level should have been 36 with a total offense level of 37 and a guideline range of 324-405 months. A resentencing hearing was scheduled at which Lee requested that the district court provide a proportional reduction by a § 5K.1.1 downward departure and impose a sentence of 264 months or less. The government requested a sentence of 300 months. The district court again provided a downward departure of 60 months, sentencing Lee to 264 months. Lee appeals his sentence, arguing that the waiver in his plea agreement does not apply and that the district court should have provided a greater downward departure.

We will enforce an appeal waiver if the attempted appeal falls within the scope of the waiver and the plea agreement and waiver were entered into knowingly and voluntarily. United States v. Azure, 571 F.3d 769, 772 (8th Cir. 2009). This general rule is subject to a narrow exception when enforcement of a waiver would result in "a miscarriage of justice." United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en banc). We review de novo whether Lee waived the right to appeal his sentence. United States v. Michelsen, 141 F.3d 867, 871 (8th Cir. 1998).

Lee does not dispute that his agreement to plead guilty and waive appeal under certain conditions was knowing and voluntary. He argues instead that the waiver was structured to bar appeal if he was sentenced to less than the minimum guideline range based on an incorrect calculation of the guideline range. Because the waiver was tied to a 360 month minimum instead of a 324 month minimum, he contends that the terms of the bargain changed and his waiver is no longer valid.

This argument ignores several provisions in the agreement that show that Lee's waiver of his appellate rights is not invalidated by the calculation of a new guideline range. The agreement recognized there were disputes over the applicability of several offense level enhancements and Lee's criminal history category, all of which would have affected his guideline range. The provision addressing the expected sentence

states that a range of 360 months to life imprisonment "is possible." The waiver was thus not premised exclusively on a guideline minimum of 360 months. Moreover, the agreement states that Lee was not entitled to withdraw from the agreement, including the waiver provision, even if the district court found the guideline factors to be different than those stipulated or anticipated in the agreement. Since Lee was sentenced to less than 360 months his appeal is encompassed by the waiver and enforcing the waiver would not cause a miscarriage of justice.

Even if Lee's appeal were outside the scope of the waiver, we will not review the extent of a downward departure absent allegations of an unconstitutional motive on the part of the district court. United States v. Dalton, 478 F.3d 879, 881 (8th Cir. 2007) (extent of departure is within district court's discretion). By having requested the specific sentence he received, Lee's argument that the sentence is substantively unreasonable fails as well. United States v. Mickelson, 433 F.3d 1050, 1056 (8th Cir. 2006) (counsel's request for a particular sentence is an acknowledgment that such a sentence is reasonable).

Because Lee's waiver is enforceable, we dismiss the appeal.

_____