# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3762

_____

United States of America

*Plaintiff - Appellee*

v.

Bruce Francis Prevost

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 31, 2014
Filed: November 10, 2014
[Unpublished]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Bruce Prevost challenges the 90-month prison sentence the district court[1] imposed after he pleaded guilty to aiding and abetting

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

securities fraud. We grant Prevost's motion to expand the record. For the following reasons, we conclude that the district court did not commit plain procedural error, see United States v. Troyer, 677 F.3d 356, 358-59 (8th Cir. 2012) (review for plain error when defendant did not object at sentencing), and that the sentence is substantively reasonable, see United States v. Heath, 624 F.3d 884, 886-87 (8th Cir. 2010) (abuse-of-discretion standard).

Prevost argues it was procedural error for the district court to vary from the Sentencing Guidelines range based on factors listed in 18 U.S.C. § 3553(a), before departing based on substantial assistance under U.S.S.G. § 5K1.1(a)(1). Without deciding whether there was error, we conclude that Prevost has not shown prejudice because nothing in the record suggests that, but for the alleged error, his sentence would have been different. See United States v. Ault, 598 F.3d 1039, 1042 (8th Cir. 2010). We find no merit to any suggestion that the district court did not consider the need to avoid unwarranted sentencing disparities, see 18 U.S.C. § 3553(a)(6), because the district court specifically stated it had considered this factor.

Prevost also contends the district court erred in determining an appropriate departure under section 5K1.1, because the court believed it was bound to defer to the government's evaluation of the quality of Prevost's assistance, and because it limited the extent of the reduction based on considerations not related to his assistance. Again, the district court's statements at sentencing show these contentions are wrong. As to Prevost's complaint that the district court considered information in an in camera letter from the government, which he did not personally see, we find no violation of Fed. R. Crim. P. 32 because Prevost's attorney received the letter. See New York v. Hill, 528 U.S. 110, 115 (2000).

Finally, Prevost argues that the disparity between his sentence and that of co-defendant David Harrold was unwarranted. With regard to the variances from the Guidelines range--which were identical for Prevost and Harrold--Prevost identifies

no error in the district court's consideration of the section 3553(a) factors as applied to him. See United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011). The remaining disparity is attributable to the district court's decision as to the appropriate departure for each defendant, based on his substantial assistance, and the extent of a section 5K1.1 departure is not reviewable. See United States v. Dalton, 478 F.3d 879, 881 (8th Cir. 2007); see also United States v. Womack, 985 F.2d 395, 400 (8th Cir. 1993). Accordingly, we affirm.

_____