# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1605

_____

United States of America

*Plaintiff - Appellee*

v.

Penny Marie McFeron

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: March 11, 2019
Filed: June 3, 2019
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Penny M. McFeron pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The district court[1]

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

sentenced her to 90 months' imprisonment. She appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

McFeron's guideline range was 135 to 168 months. The statutory mandatory minimum was 120 months. After considering the 18 U.S.C. § 3553(a) factors, the court varied downward to the mandatory minimum. The court then granted a 25% reduction for substantial assistance under U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). McFeron claims the court erred in failing to vary downward more. This court reviews de novo. *See United States v. Billue*, 576 F.3d 898, 901 (8th Cir. 2009).

McFeron believes the district court erred in failing to consider factors beyond substantial assistance in granting a downward variance. This belief is without merit. The government filed a motion to reduce sentence by 20% under U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) based upon McFeron's substantial assistance. McFeron requested a "greater reduction." Granting a 25% reduction, the court said:

> Ms. McFeron, in determining the amount of reduction that is appropriate, the court is fairly limited in what I can consider. I can consider the value of what has been provided and I can also consider the extent to which you have been placed at inconvenience or risk as a result of your assistance.
>
> In reviewing the motion and all of the circumstances of this case, I recognize that there may be some future opportunity to getting some additional benefit; but based on what's been done so far, I think as a general matter the government has reasonably responded to the assistance that's been provided.
>
> I think there is remaining an issue with regard to the fact that, under any circumstances, while we hope there may not be any risk to you, we recognize that there oftentimes can be, and that is a very real concern and, therefore, while I think the government is close, I am going to increase the amount of the reduction to 25 percent.

McFeron requested the court vary downward further based on 18 U.S.C. § 3553(a) factors unrelated to her substantial assistance. The court declined. It said:

> [T]he court's understanding of the law is that I get below the mandatory minimum solely on the basis of the government's motion under 3553(e). And I certainly can vary down to the mandatory minimum in this case based upon your argument, but I think I'm limited to doing that.

*United States v. Billue*, addresses this issue. *Billue*, 576 F.3d at 902-904. There, this court noted that "Section 3553(e), entitled '*Limited authority* to impose a sentence below a statutory minimum,'" gives the court "'the authority to impose a sentence below a level established by statute as a minimum sentence *so as to reflect a defendant's substantial assistance* in the investigation or prosecution of another person who has committed an offense.'" *Id.* at 902, *quoting* 18 U.S.C. § 3553(e) (emphasis in original). This court "made clear that when a district court is ruling on a motion for downward departure pursuant to § 3553(e) and/or § 5K1.1, that court may consider *only* factors related to the defendant's substantial assistance to the Government." *Id.* (emphasis in original). It also said that "[i]n reducing a sentence below the statutory minimum under 18 U.S.C. § 3553(e) for a defendant's substantial assistance, a court . . . may not use the factors in 18 U.S.C. § 3553(a) to decrease the sentence further." *Id.* at 902-03. *Billue* precludes McFeron's argument here.

To the extent McFeron challenges the amount of the departure, this court may not review it. *See id.* at 905 ("Absent an allegation that the district court was motivated by an unconstitutional motive in arriving at its downward departure, we may not review the extent of [such] a downward departure in the defendant's favor." (internal quotation marks omitted)).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____