# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-3494

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lesman Jeroan Rivera-Vasquez

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: May 1, 2026
Filed: May 7, 2026
[Unpublished]

————————

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

————————

PER CURIAM.

Lesman Rivera-Vasquez pleaded guilty to possessing ammunition as an alien unlawfully in the United States, 18 U.S.C. § 922(g)(5). Although his advisory guideline sentencing range was ten to sixteen months in prison, the plea agreement included a joint recommendation of time served, approximately four months. Before sentencing, the district court ordered the parties to submit briefing addressing whether a "harsher sentence [was] required . . . to achieve adequate deterrence." The

court then sentenced Rivera-Vasquez to twelve months and one day and afterwards issued a sentencing opinion explaining its decision "to triple the time the parties requested." We grant the motion to submit this case on the briefs, vacate the judgment, and remand for resentencing.

While the district court could consider the need to promote respect for the law and afford adequate deterrence, see 18 U.S.C. § 3553(a)(2)(A)–(B), Rivera-Vasquez's sentence was improperly based on considerations of "broad local, national, and international scope that only tangentially relate to [Rivera-Vasquez's] underlying conduct," United States v. Robinson, 829 F.3d 878, 880 (7th Cir. 2016) (citation omitted). The district court opined that while the "Trump administration is vigorously enforcing immigration laws," the Biden administration had not. That in 2023, "more than 10,000 individuals were illegally entering the country every day," but since "the election of President Trump, illegal immigrant encounters dropped to a record low." That "many" of the Biden administration's policies not only "increase[d] immigration-related crimes" but "were also illegal."[1] And that the court "cannot ignore the risk that the Federal Government, years in the future, might revert to the same practices it had in place from 2021 through 2024."

The sentence should have been about Rivera-Vasquez, not President Biden. See Gall v. United States, 552 U.S. 38, 52 (2007) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual . . . ." (citation omitted)). A criminal defendant should not be punished for a prior administration's immigration policy. Cf. United States v. Texas, 599 U.S. 670, 679 (2023) ("[C]ourts generally lack meaningful standards for assessing the propriety of [the Executive Branch's] enforcement choices in [the immigration] area.").

---

[1]For example, the district court explained how the Biden administration refused to build a wall along the United States' southwest border, despite "federal law requiring it to" and "billions of dollars" appropriated for that purpose, until a district court entered a preliminary injunction. See Gen. Land Off. v. Biden, 722 F. Supp. 3d 710 (S.D. Tex. 2024).

The district court abused its discretion by focusing on the immigration policy of the former President. See United States v. Hall, 931 F.3d 694, 697 (8th Cir. 2019) (standard of review). And because we cannot say that the error "did not affect the district court's selection of the sentence imposed," United States v. Pepper, 412 F.3d 995, 999 (8th Cir. 2005) (quoting Williams v. United States, 503 U.S. 193, 203 (1992)), we vacate the sentence and remand for further proceedings. Rivera-Vasquez's release date is imminent, so we expect the district court will expedite resentencing. The mandate shall issue forthwith.

_____